## JORDAN *v.* CITY OF LEXINGTON.

(Division B. Nov. 12, 1923.)

[97 So. 758. No. 23354.]

1. MUNICIPAL CORPORATIONS. *Ordinance as to construction of sidewalk admissible in action for injuries by defect.*

In pedestrian's action against a city for injuries sustained in falling into a hole in a sidewalk consisting of foot wide planks, in which the city claimed that the sidewalk was not a four-foot plank sidewalk, as alleged by the pedestrian, but was a three-foot plank walk, and that the fourth plank, where the hole was situated, was not a part of the sidewalk, but was designed to cover a drain along the sidewalk, and that the pedestrian should have remained on the three planks intended as the sidewalk, an ordinance requiring a four-foot plank walk was admissible.

2. MUNICIPAL CORPORATIONS. *City held negligent as to pedestrian stepping into unguarded hole in sidewalk.*

Where a city permitted an unguarded hole to remain in a sidewalk at a point where a four-foot planked walk was suddenly reduced to three feet, and this condition had existed for a long time and the authorities had notice thereof, the city was negligent as a matter of law and liable for injuries to a pedestrian who fell into the hole at night.

3. MUNICIPAL CORPORATIONS. *Contributory negligence of pedestrian injured by unguarded hole in sidewalk no defense.*

Where city was negligent in permitting unguarded hole to remain in sidewalk for a long period of time, it was liable for injuries sustained by pedestrian who fell therein, notwithstanding contributory negligence.

APPEAL from circuit court of Holmes county.

HON. S. F. DAVIS, Judge.

Suit by J. W. Jordan, Jr., against the city of Lexington. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Boothe & Pepper* and *P. P. Lindholm,* for appellant.

In an action to recover damages from a municipality resulting from negligence in the construction and maintainance of sidewalks, an ordinance regulating such construction and maintainance is competent against the city to charge it with knowledge of the condition of the sidewalk in question and negligence in relation thereto. *Shumway* v. *Burlington,* 108 Iowa, 424, 79 N. W. 123; *Indianapolis* v. *Gaston,* 58 Ind. 224; *Aurora* v. *Pennington,* 92 Ill. 564; *Herries* v. *Waterloo,* 114 Iowa, 374, 86 N. W. 306; *Reed* v. *Mexico,* 101 Mo. App. 155, 76 S. W. 53; *Myers* v. *Kansas,* 108 Mo. 480; *Pomfrey* v. *Saratoga,* 104 N. Y. 459; *Columbus* v. *Ogletree,* 102 Ga. 293, 29 S. E. 749; *Bauer* v. *Dubuque,* 122 Iowa, 500, 98 N. W. 355; *Thompson* v. *Quincy,* 83 Mich. 173, 47 N. W. 114; 8 Ency. of Evidence, page 838; 13 R. C. L., p. 505; *Bayland* v. *Parkersburg,* 78 W. Va. 749, 90 S. E. 347.

It is only where plaintiff's act is the sole cause of the injury and when defendant's act is no part of the causation, that defendant is free from liability. *Ragland* v. *Lumber Company,* 117 Miss. 602, Contributory Neg. Statute, Hemingway's Code, secs. 502-3, Amendment Laws Mississippi 1920, chapter 312.

It was reversible error for the court below to refuse plaintiff's second instruction which read as follows: "The court instructs the jury that one traveling upon the sidewalk or street of a city without notice of any defect therein has the right, when using diligence and care, to presume and act upon the presumption that it is reasonably safe throughout its entire width." *Higginbottom* v. *Village of Burnsville,* 113 Miss. 219; *Hardin* v. *City of Corinth,* 105 Miss. 99; 3 Blashfield on Instructions (2 Ed.), section 5491; *Gallemore* v. *City of Olympia,* 75 Pac. 978; *Gallagher* v. *Town of Beverly,* 72 Pac. 79; *City of Indianapolis* v. *Gaston,* 58 Ind. 224; 3 Blashfield on Instructions (2 Ed.), sec. 5487.

The municipality is liable, and that too, even though the plaintiff might have been guilty of contributory negligence, the latter being no bar. *Whitfield* v. *City of Meridian,* 66 Miss. 570; *Pascagoula* v. *Kirkwood,* 86 Miss. 630; *City of Natchez* v. *Lewis,* 90 Miss. 310.

It was prejudicial error for the trial court to exclude from the consideration of the jury the ordinance of the city of Lexington, defendant, requiring sidewalks constructed on Clifton Street and at the place of the alleged injury, to be four feet wide. 8 Ency. of Evidence, 838, par. 3; 13 R. C. L. 505; *Shumway* v. *Burlington,* 108 Iowa, 424; 79 N. W. 123; *Indianapolis* v. *Gaston,* 58 Ind. 224; *Aurora* v. *Pennington,* 92 Ill. 564; *Herries* v. *Waterloo,* 114 Iowa 374, 86 N. W. 306.

The ordinance was passed by the city of Lexington. It was its own act, and should not be heard to complain, as shown in *Indianapolis* v. *Gaston,* 59 Ind. 224.

This case should be reversed on the facts. The facts clearly show that defendant was woefully and grossly negligent in respect to this walk, and that plaintiff was guilty of no neglilgence, or if any, only slight, and under our Concurrent Negligence Statute the city is liable.

Our court has only recently held this: "In a suit for damages for personal injuries, it is only where plaintiff's act is the sole cause of the injury and when defendant's act is no part of the causation—that defendant is free from liability." *Ragland* v. *Lumber Company,* 117 Miss. 602.

Under that rule, above stated, and under the facts in this case we submit that this defendant is liable and that this cause should be reversed for a submission to the jury on proper evidence and proper instructions. *Whitfield* v. *City of Meridian,* 66 Miss. 670; *Pascagoula* v. *Kirkwood,* 86 Miss. 630; *City of Natchez* v. *Lewis,* 90 Miss. 310.

*Ruff & Johnson,* for appellee.

The overwhelming weight of the evidence shows that if any injury was sustained, it was in the drain ditch and

not in the sidewalk. The law is that a plaintiff seeking to recover damages for injuries sustained on account of defects or obstructions in a sidewalk or street, cannot allege one cause of action and recover on proof of another. The whole evidence in this case shows that the alleged injury did not occur in the manner alleged by the plaintiff. Before he can recover, his proof must support the allegations of his declaration. 13 R. C. L., Highway, sec. 411; *Powell* v. *Plant,* 23 So. 399; *Boggs* v. *Jewett,* 90 So. 13, 127 Miss. 308; *City of Hattiesburg* v. *Reynolds,* 124 Miss. 352, 86 So. 853.

The defendant city was called to answer in damages for alleged injuries sustained by plaintiff by reason of falling into a hole in the sidewalk. It was not alleged in the declaration that the sidewalk was not of sufficient width, nor was it alleged in the declaration that the drain ditch into which plaintiff fell was dangerous, or should be guarded.

Before the ordinance could be competent as evidence, plaintiff's declaration would have had to set up a state of facts showing that the injury was caused by negligence of the city in not constructing the walk in accordance with the ordinance, and should have supported such allegations by proof that such negligence contributed to his injury. *City of Hattiesburg* v. *Reynolds,* 124 Miss. 352, 86 So. 853; *Beirness* v. *City of Missouri Valley,* 51 L. R. A. (N. S.) 218, 144 N. W. 628.

In support of his contention that the ordinance should have been considered by the jury, plaintiff relies on the following cases: *Shumway* v. *Burlington,* 108 Iowa, 424, 79 N. W. 123; *Indiana* v. *Gaston,* 58 Ind. 224; *Aurora* v. *Pennington,* 92 Ill. 564; *Bauer* v. *City of Dubuque,* 122 Iowa 500, 98 N. W. 355.

The measure of duty on the part of a municipality with reference to its sidewalks and streets is to keep them in a reasonably safe condition for use by persons exercising ordinary care and prudence in passing over them.

Municipal corporations are not liable for every accident that may happen on their streets; or on their sidewalks. They are not insurers of the safety of those who use them. Their duty is discharged when they have made them reasonably safe for people of ordinary prudence. *City of Meridian* v. *Crook,* 109 Miss. 700, 69 So. 182; *McComb City* v. *Hayman,* 87 So. 11; 124 Miss. 525; *Gulfport and Mississippi Coast Traction Company, et al.* v. *Manuel,* 85 So. 308, 123 Miss. 266.

Appellant relies on the case of *Higginbottom* v. *Village of Burnsville,* 113 Miss. 209. The facts in that case are not similar to the facts in the case at bar, nor are they similar to the facts in the case of *Gulfport and Mississippi Coast Traction Company, et al.,* v. *Manuel,* and *McComb City* v. *Hayman.*

Argued orally *P. P. Lindholm* and *A. M. Pepper,* for appellant, and

*H. H. Johnson,* for appellee.

COOK, J., delivered the opinion of the court.

This suit was instituted in the circuit court of Holmes county by Dr. J. W. Jordan, Jr., appellant, against the city of Lexington, appellee, seeking to recover damages for personal injuries alleged to have been sustained by appellant by reason of falling into a hole in a defective sidewalk in said city, and from a verdict and judgment in favor of the city this appeal was prosecuted.

Appellant's declaration alleged that the appellee so neglected its duty of keeping its streets and sidewalks in a reasonably safe condition that they had become unsafe and dangerous, in that on the south side of Clifton street there was a hole in the sidewalk several feet deep, caused by a washout alongside, under, and across said sidewalk, and that appellee was grossly negligent in respect thereto, and wilfully, negligently, and wrongfully permitted the

hole in said sidewalk to be uncovered and unguarded, and to be and continue in an unsafe, dangerous, and defective condition for a long space of time; that the appellee through its officials knew, or by the exercise of ordinary care could have known, of the defective and dangerous condition of this sidewalk; that while appellant was walking along the same in the night time, and while in the exercise of reasonable care under the circumstances, and without notice of the defective and dangerous condition, and while relying upon the said municipality to keep its streets and sidewalks in proper condition and repair, the appellant, by reason of the defects therein, fell violently into this unguarded, unsafe, and dangerous hole in said sidewalk, resulting in injuries to him.

The appellee filed a plea of the general issue and a special plea averring that at the time of the alleged injury the said sidewalk was maintained and kept in a reasonably safe condition for use and travel by persons exercising ordinary care in passing over it, and that said sidewalk was infrequently traveled, except by a few persons living in that portion of the municipality; that the appellant had full knowledge of his surroundings and a thorough acquaintance with the place, and on the night of the alleged injury he was not exercising ordinary care and prudence, but carelessly walked into a small drain running along the side of the street, and between the street and sidewalk, at a place not intended for travel; that said drain was then necessarily maintained at that place in order to dispose of the surface water collected on said street by reason of rainfall; and that appellant was guilty of negligence, which was the sole and proximate cause of his injuries. The appellant's replication to his plea denied all the averments thereof.

The facts necessary to be here stated are, in substance, as follows: Carrollton street runs north from the business section of the city of Lexington, and along this street there is a concrete sidewalk. Several blocks from the

Public Square Clifton street crosses Carrollton street at right angles and runs east and west. From the point where it leaves Carrollton street the sidewalk along Clifton street is constructed of plank. This plank walk along Clifton street begins at Carrollton street with four planks, each about a foot wide, laid lengthwise, or parallel to the street. It runs this way about ninety feet to a ditch or culvert which crosses under the street and sidewalk. Across this ditch or culvert the walk is still four feet wide, but is made of narrow plank laid at right angles to the street. This bridge or walk across the culvert is fifty or sixty feet long, and at its eastern edge the walk again changes to plank running lengthwise, or parallel to the street. At the eastern edge of the walk over the ditch or culvert, and connecting therewith, there are four planks, each about a foot wide, and so laid that they made a four-foot walk in line with the four-foot walk west of it. These planks were about ten feet long, and at the end of the first planks east of the bridge, or walk, over the culvert, the walk was narrowed to a three-plank walk—that is, a three-foot walk —there being no continuation of the inside or fourth plank. Almost directly at the end of this inside plank was the hole in which appellant received his injuries. There was no barrier or banister at the end of this inside fourth plank, and the hole was entirely unguarded. The nearest electric light to this point was more than one hundred and fifty feet away, and the rays from this light were obstructed by overhanging trees and bushes. The testimony is undisputed that the appellant was unfamiliar with this walk, and on the night he received the alleged injuries he was walking along this four-foot walk and he came along the inside of the walk and onto this fourth, or inside, plank, and he walked off the end of this inside fourth plank and into the large hole there situated. The testimony is also undisputed that this condition of the walk had existed for a long period of time and that the city authorities had actual notice of the condition. The condition at the scene of

the accident is not only established by the testimony of the witnesses who described it, but it is also clearly depicted by numerous photographs of the scene which are a part of the record.

The appellant offered in evidence an ordinance of the city requiring the construction of sidewalks on certain streets, including Clifton street, and regulating the construction of such sidewalks. This ordinance prescribed the material out of which these sidewalks should be constructed, which was principally, concrete, and also prescribed that they should be four feet wide, but it also provides that when it was impossible or impracticable, in the judgment of the board of aldermen, because of the condition of the ground, to build a concrete walk, then a four-foot plank walk not less than four feet wide should be ordered put down, providing in detail the kind of material which should be used in constructing such plank walks. The ordinance provided that it should be in force and effect from and after its passage on account of the then unsafe condition of the plank walks of the city. The court refused to permit the introduction of this ordinance, and this action of the court is assigned as error.

This ordinance was a recognition of the public duty of providing and maintaining reasonably safe sidewalks, and was enacted for the purpose of enforcing and discharging that duty. It provided specific regulations as to the width of such walks and the methods and materials to be used in their construction and maintenance, and imposed upon the municipal authorities certain specific duties in this regard. It recognized the unsafe and dangerous condition of the plank walks on these streets, and fixed a specific width and designated material as necessary for the public safety and convenience on this street. This action seeks to recover damages resulting from the failure of the city to discharge its duty in the construction and maintenance of this walk, and we think the ordinance was admissible in evidence, and this is especially true in view

of the fact that it seems to have been the theory of the defense, and there was testimony offered to show, that the city had only constructed a three-foot walk at the point where appellant was injured, and that the fourth or inside plank which had been placed at that point by the city was no part of the walk, but was only designed to cover a drain or ditch at or along the side of the walk, and that if appellant had remained on the three planks which were intended as a walk he would not have been injured.

At the conclusion of the testimony the appellant requested a peremptory instruction on the question of liability for the injuries sustained, which was by the court refused, and the refusal of this instruction is assigned as error.

We think this instruction should have been granted. The appellant was proceeding in the nighttime along this much-frequented sidewalk leading into a populous residential part of the city. The street was poorly lighted, and he had no notice of a defective or dangerous condition in this sidewalk. He walked along and over a walk or bridge which was four feet wide as provided by the city ordinance regulating the width of sidewalks. At the edge of this bridge, and for a distance of about ten feet therefrom, the planks were so laid as to provide a continuing width of four feet covered by planks. At a point about ten feet from the edge of this bridge the fourth, or inside, plank was stopped, and the covered or planked part of the walk was continued with three planks. At the end of this fourth or inside plank was an unguarded hole. The appellant came off this bridge onto this fourth or inside plank, and walked to the end of it, and fell into this hole, and received his injuries. The continuation of this four-foot covered walk for a short distance from the edge of this bridge constituted an invitation to the unsuspecting to use it, and the unguarded hole at or near the point where the covered portion was suddenly reduced to three feet formed a veritable trap, and the city cannot escape

liability for any injury caused thereby on any theory that this inside or fourth plank was no part of the walk and was not intended for the use of the public. It is undisputed that this condition had existed for a long period of time and that the city authorities had notice thereof, and, since the negligence of the city is established, contributory negligence, if any, of appellant will not defeat a recovery, and we think the peremptory instruction on the question of liability should have been granted.

The judgment of the court below will, therefore, be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*