SUGG, Justice:
This appeal is from a judgment of the Circuit Court of Leake County, Mississippi which sustained a general demurrer and *531 dismissed the declaration of plaintiffs with prejudice. The question presented by this appeal is, did the declaration state a cause of action against the defendant ?
The Harkins family, as plaintiffs, brought an action against defendant, the City of Carthage, for the wrongful death of their three year old son and brother, Jimmy, who drowned in a water-filled excavation.
The declaration charged that defendant made an excavation for a manhole near plaintiffs’ home six feet square and six feet deep preparatory to laying sewer lines in a residential area; that the excavation had a mound of sand and clay immediately adjacent to it and, on February 23, 1971, while the excavation was filled with approximately five feet of water, Jimmy Harkins fell into the hole and was drowned; that» the water in the excavation was deceptive in appearance in that it was a yellowish color and appeared to be shallower than it actually was; that the sides were slippery so that a child of tender years falling therein would he unable to extricate himself and would be trapped therein and drowned; that defendant was negligent because the graded portions of the land about the excavation caused it to become lower than the surrounding area thus causing water to drain into the depressed area and into the excavation; and, that defendant left the excavation open without warning signs or flares and without barricades around it.
The declaration further charged that there was a path which was clearly visible and which was regularly used by children in the neighborhood in walking to and from the public school located nearby; that the path went directly through the area which had been excavated; that near the path there was what is commonly called a “treehouse” where children were known to congregate and play; that the defendant knew, or in the exercise of reasonable care, should have known that many families lived in the immediate vicinity and that approximately thirty children of the families living nearby were apt to be attracted to and to play about the excavation and mound of dirt; that the mound of sand and clay provided an opportunity for children to slide from the top thereof into the water; and, that the mound of sand and clay together with the excavation constituted an attractive nuisance for the children of the neighborhood.
The trial judge, in sustaining the demurrer to the declaration, relied on McGill v. City of Laurel, 252 Miss. 740, 168 So.2d 50, 173 So.2d 892 (1965) and Vincent v. Barnhill, 203 Miss. 740, 34 So.2d 363 (1948). In these cases the court reaffirmed the rule that the doctrine of attractive nuisance does not apply to injuries to trespassing children caused by impounded water; however, in McGill, the Court recognized an exception to the general rule might be shown by differentiable facts or circumstances.
The court erred in sustaining the demurrer on the authority of McGill and Vincent because it does not appear from the declaration that the deceased child was a trespasser. The doctrine of attractive nuisance applies only to trespassers and was established because courts were attempting to balance two competing equities ; first, society has a definite interest in protecting its children and recognizes that normal children will trespass on occasion and sometimes are injured when they do so; second, society must not place upon the possessor of land the unreasonable burden of providing a safe place in which every child may trespass under all circumstances.
The declaration charges that the defendant dug a hole, permitted five feet of water to accumulate therein, and then left the hole open, unmarked and unbarricaded near a path used by many children. The declaration stated a cause of action against defendant under the authority of Standard *532 Oil Co. v. Decell, 175 Miss. 251, 166 So. 379 (1936), where this Court stated:
We will consider first' the question as to the liability of the city. Municipalities are required to use reasonable care to keep their streets, sidewalks, and other thoroughfares in reasonably safe condition for persons exercising reasonable care and caution. City of Greenville v. Laury, 172 Miss. 118, 159 So. 121. An obstruction was erected in one of the streets of Greenville; it was a water tank, which caused an injury to one Nes-bitt, who sued the city. The court held the city liable if the obstruction continued after knowledge of its existence. Nesbitt v. Greenville, 69 Miss. 22, 10 So. 452, 30 Am.St.Rep. 521.
Where a municipality, in grading a street near a school leaves a high bluff —dangerous because of a tendency to cave — and one of the children attending the school, passing near the bluff, is killed by the caving street, the city is liable. City of Vicksburg v. McLain, 67 Miss. 4, 6 So. 774. To the same effect are Mackey v. Vicksburg, 64 Miss. 777, 2 So. 178; Jordan v. Lexington, 133 Miss. 440, 97 So. 758; McComb City v. Hayman, 124 Miss. 525, 87 So. 11; City of Vicksburg v. Scott, 168 Miss. 572, 151 So. 914. Here we have a much-traveled way for pedestrians, over property belonging to the city. It had been used as a public way for years; the city knew it. Near it, unlighted and without a cover, was this grease pit — under those circumstances a dangerous thing. It was incumbent on the city to take the necessary steps to do away with this danger, or to require the lessee, the Standard Oil Company, to do so. (175 Miss. at 266, 166 So. at 382.)
The action of the trial court in sustaining the demurrer to the declaration is reversed.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.