JACOB DAMPF v. YAZOO & MISSISSIPPI VALLEY RAILROAD
COMPANY.

[48 South. 612.]

RAILROADS. *Turntable. ,Children. Permission* **to** *play. Evidence.*

In an action for injuries to a child on a railroad turntable, it is competent to prove that an employe of the railroad company gave the child permission to play on the structure.

FROM the circuit court of Wilkinson county.
HON. MOYSE H. WILKINSON, Judge.

Dampf, appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court.

Plaintiff, a boy between twelve and thirteen years of age, was playing with several other small children around a turntable of the defendant railroad company. The turntable had been left unlocked, fastened in place only by an iron rod, which seems to have been removed by the children, who began to turn the turntable around; and while so doing, appellant's foot was caught, and one of his toes so crushed that its amputation became necessary. The defendant pleaded the gross negligence of the plaintiff, who had knowledge of the danger, and had been warned that the structure was dangerous. On the trial the plaintiff offered to introduce testimony tending to show that one Bonney, an employe of the railroad company, near the turntable at the time engaged in watching an engine, had given the boys permission to play on the turntable, but the court below sustained defendant's objection thereto.

*Shannon & Jones* and *E. G. Shannon,* for appellant.

As to the liability of one leaving his property so situated as to entice boys into danger, for the resultant damages. *Vicksburg*

*v. McLain,* 67 Miss. 4; *Williams v. Spengler,* 67 Miss. 1, 6 South. 613; *Jamison v. Illinois, etc., R. Co.,* 63 Miss. 36; *Mackey v. Vicksburg,* 64 Miss. 777, 2 South. 178: *Temple v. Electric Light Co.,* 89 Miss., 42 South. 874; *Barrett v. Southern, etc. R. Co.,* 91 Cal. 296 (in this case the turntable was fastened just as in the case in hand and the fastening released by another boy); *Bransom's Admrs. v. Labrot,* 81 Ky. 638; *Powers v. Harlow,* 53 Mich. 507; *Nagle v. Missouri, etc., R. Co.,* 75 Mo. 653; *G. C. & S. F. R. Co. v. McWhirter,* 77 Tex. 356; *Ilwaco R. Co. v. Hedrick,* 1 Wash. 446; *B. & I. Co. v. Snyder,* 18 Ohio St. 399; *Gunn v. O. R. R. Co.,* 36 W. Va., 165; *Kansas, etc., R. Co. v. Fitzsimmons,* 22 Kan. 686; *Evanisch v. G. C. & S. F. R. Co.,* 57 Tex. 126; *Kerr v. Forgue,* 54 Ill. 482; *Gray & Bell v. Scott,* 66 Pa. St. 345; *Houston & T. C. R. Co. v. Boozer,* 70 Tex. 530; *Keffe v. M. & P. R. Co.,* 21 Minn. 207; *Moebus v. Herman,* 108 N. Y. 349; 29 Am. & Eng. Ency. Law, 32–34; 21 *Ib.* 474; 7 *Ib.* 407.

A child between seven and fourteen years of age *prima facie* not changeable with contributory negligence. *Westbrooke v. Railroad Co.,* 66 Miss. 560.

This case is identical with many cases in which recoveries have been sustained, and stronger than many of them as to the actual knowledge of the defendant of the liability of the boys to be injured, and far stronger than any reported case on either side of the question, and in fact that this boy was there by the express consent of the defendant, which was ruled out by the court, and if the court did not err in excluding the testimony it must have been because the railroad was liable without such consent. If it was not, then the case must be reversed for this error. As to the warning of Miss Goslinski, it amounts to nothing. She was passing along the road immediately by this table and simply remarks in passing "You boys had better get off that turntable before you get hurt," or other words of about that import. Now there was not a boy there who had not heard from the time he staggered around his cradle in infancy holding

on to it to keep from falling, until they heard Miss Goslinski
that day, who had not constantly heard such warnings.  "Look
out there.   You'll get hurt," is an expression that the average
boy expects to hear several times a day from his cradle to
manhood, and not only does he expect to hear it, but he also
expects to get just such bumps as the warning has reference it.
Who in his senses expecting a boy to get seriously hurt ever used
such a warning, in passing?   Who ever expected any boy to
heed such a warning, especially from a girl, who might be ex-
pected to scream at the sight of a toad or faint at the shadow
of a mouse?

*Mayes & Longstreet,* for appellee.

All of the witnesses of the transaction show that a Miss Golin-
ski, while these boys were playing on that turntable, and before
the plaintiff was hurt, came by there; warned them that it was
a dangerous place; that they were liable to get hurt, and they
had better get off.

Plaintiff admits this fact; that he heard her warning, and
admits that he disregarded it.

When he was injured, plaintiff was twelve years and ten
months of age.   He was in the seventh grade in the public
school, which was next to the highest grade.

The turntable was in a remote locality, not in an attractive
situation, and the boys had to seek it and go out of their way to
find it.   It was substantially fastened, and in order to turn it,
they had to remove the large iron bar, which the uncontradicted
evidence in this case shows to have been in fact a better fasten-
ing than a padlock.

And the boy was of ample capacity to understand the danger;
and he was actually warned by a lady passing by at the very
time when he received his injury and before he was hurt, and
disregarded warning.   Under these circumstances, we submit
that the peremptory instruction was properly given.   The rule
in the turntable cases has been a special feature of our legal lit-

erature which has received much attention. The court will find that it is all collected in 8 Am. & Eng. Ann. Cases (a very late publication) in the case of *Walker's Admr. v. Potomac, etc., R. Co.,* p. 862.

Argued orally by *E. G. Shannon,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The excluded testimony as to Abe Bonney's permission was competent. On the testimony in this record, the case should most manifestly have gone to the jury. The court, therefore, erred in giving a peremptory instruction for the defendant.

*Reversed and remanded.*