272 So.2d 654 (1973)
Richard JACKSON, a minor, by his mother and next friend, Cora Jackson
v.
The CITY OF BILOXI, Mississippi, and Toledo Pressed Steel Company.
No. 46959.
Supreme Court of Mississippi.
January 29, 1973.
Rehearing Denied February 19, 1973.
*655 Sekul, Hornsby, Wallace & Blessey, Peter Halat, Biloxi, for appellant.
Bryant & Stennis, Gulfport, Tonsmeire & Mannino, Biloxi, for appellees.
BROOM, Justice:
Appellant, plaintiff below, Richard Jackson, a five year old boy, who sued the appellees by adult next friend, appeals to this Court from an adverse judgment rendered against him in the Circuit Court of the Second Judicial District of Harrison County, Mississippi. We affirm.
Appellant, hereinafter referred to as Jackson, was burned on his left leg on November 13, 1970, in the City of Biloxi, Mississippi. He was out playing on Croesus Street when he saw a smudge pot with a flame on it. Employees of the City of Biloxi had placed the pot (which used kerosine for fuel) in said street in order to warn those using the street of a hole where work was being done on the city sewer line. A wooden barricade was also there. The burning smudge pot was in the vicinity of the residence of Jackson's grandmother where he had been left by his mother while she was at work.
One of the appellees, Toledo Pressed Steel Company, hereinafter designated as Toledo, manufactured the pot known as a "Toledo Torch." In his declaration Jackson alleged that Toledo placed this torch on the market in a defective condition unreasonably dangerous because of the design of the torch. The design was such that if the pot were tilted or turned over it would right itself and thereby regain its normal position. Biloxi was charged as a co-defendant with negligently failing to place any warning sign on the smudge pot or in the vicinity where it was situated to warn of the alleged defective condition of the pot. It was also charged in the declaration that Biloxi was liable under the attractive nuisance doctrine by permitting the smudge pot to be placed where it attracted young Jackson to play with it. The declaration also alleged that Biloxi was liable to plaintiff for the following reasons, to-wit: allowing the pot to remain burning during the daylight hours unguarded in a residential area; failing to use some means to *656 warn people of the residential street hazard; and failing to remove the pot from the residential area at a time in which there was a reasonably foreseeable risk of harm to parties such as young Jackson.
Jackson, while at play, kicked the smudge pot over. As it was designed to do when toppled over, the pot returned to an upright position whereupon Jackson kicked it again. This caused the kerosine in the pot to splash out through the wick of the pot onto his left leg. It ignited resulting in burns to his leg. His injuries were severe and resulted in almost $3,000 medical expenses.
Biloxi and Toledo filed separate answers denying any charge of negligence. After Jackson rested his case as plaintiff, Biloxi moved for a directed verdict which was denied. Toledo then moved for a directed verdict which was granted. The jury heard the evidence and returned a verdict in favor of the City of Biloxi.

I
Jackson urges that whether the smudge pot was in a defective condition unreasonably dangerous for its intended use was a question properly for the jury and that therefore the trial court erred in directing a verdict for Toledo who manufactured the smudge pot. In effect, it is contended that Toledo as manufacturer should be held liable under the theory of strict liability for placing said pot in its condition on the market. We hold that under the circumstances and facts of this case the trial court correctly granted the directed verdict in favor of Toledo.
The correct principle of law as to the liability of a manufacturer for harm caused by its product was stated by this Court in State Stove Manufacturing Company v. Hodges, 189 So.2d 113 (Miss. 1966). In that case at pages 120-121, the opinion of this Court, speaking through Ethridge, C.J., contains the following language which applies here:
The extent of strict liability of a manufacturer for harm caused by his products is not that of an insurer. It is strict in the sense that there is no need to prove that the manufacturer was negligent. If the article left the defendant's control in a dangerously unsafe condition, or was not reasonably safe, or was unsafe for its intended use, the defendant is liable whether or not he was at fault in creating that condition or in failing to discover and eliminate it. Ordinarily the phrase "defective condition" means that the article has something wrong with it, that it did not function as expected. However, where the article was made as intended, and yet proves to be not reasonably safe, the phrase "defective condition" has no independent meaning. Wade, 19 Sw.L.J. at 15. The issue is whether the product is "unreasonably dangerous" or not reasonably safe. As was said in Morrow v. Caloric Appliance Corp., 372 S.W.2d 41, 55 (Mo. 1963), it should be "fit and reasonably safe for use by the `consumer' when used in the manner and for the purpose for which they are manufactured and sold * * *."
The manufacturer is liable strictly in tort only if (a) he puts on the market a product which is not reasonably safe, and (b) the plaintiff is injured as a result of a contemplated use of it. The action is different from negligence mainly in the element of scienter: Plaintiff will not need to prove either that defendant negligently created the unsafe condition of the product or that he was aware of it. Wade, 19 Sw.L.J. at 15, 25. Strict products liability does not require a perfectly safe product.
In the case before us Jackson presented his own expert witness who had made a study of the smudge pot under consideration. In relating to the trial court his findings, the expert said on direct examination:
Well, it is generally economical. It is an old and apparently accepted means of *657 handling a warning situation. It can be moved about very easily and can be stored very easily. They have a low maintenance cost to it. The round shape of it is most practical for this type of device. It can take a good amount of rough treatment and still function. That is about all I can say.
On cross-examination the following question was asked the expert:
You would say, would you not, that from your examination of this torch when it is used reasonably in accordance with the purpose for which it was designed, that it is a safe torch, wouldn't you?
The expert answered, "Yes, sir."
We hold that under State Stove, supra, the doctrine of strict liability is not applicable here because the record is devoid of any substantial evidence that the torch in question left Toledo's control in a dangerously unsafe condition, or was not reasonably safe, or was unsafe for its intended use. According to the testimony, the smudge pot or torch was fit, suitable, and reasonably safe for use in the manner and for the purpose for which it was manufactured and sold. State Stove, supra. There is not sufficient evidence to the contrary in this record to create a jury question as to Toledo, who had nothing to do with causing said item to be located where it was at the time of the accident.

II
Jackson, the appellant, next contends that under the attractive nuisance doctrine the trial court erroneously refused to give a plaintiff's instruction to the jury as to the duty of Biloxi toward children of tender years such as young Jackson who would be attracted to the alleged dangerous instrument, the smudge pot. Instruction No. 10, which the trial court refused to give, is as follows:
The Court instructs the Jury for the Plaintiff that under the law of the State of Mississippi, one who maintains a condition, instrumentality, machine, or other agency which is dangerous to children of tender years by reason of their inability to appreciate the perils thereof, and which may reasonably be expected to attract young children, is under a duty to exercise reasonable care to protect them against the dangers of the attraction, and that, if you believe from a preponderance of the evidence in this case, if any, that the smudge pot in question was maintained by the City of Biloxi and was dangerous to children of tender years by reason of their inability to appreciate the perils thereof, and was an instrumentality which may reasonably have been expected to attract young children, that the City of Biloxi, through its agents and employees, negligently failed to exercise reasonable care to protect young children, including the Plaintiff, Richard Jackson, against the dangers of this attraction and that such failure, if any, to exercise reasonable care to protect young children was the proximate or contributing cause of the Plaintiff's damages, then it is your sworn duty to return a verdict in favor of the Plaintiff and against the Defendant, The City of Biloxi, Mississippi.
A fairly recent case in which this Court had before it the attractive nuisance doctrine is the case of McGill v. City of Laurel, 252 Miss. 740, 168 So.2d 50, 173 So.2d 892 (1965). There the alleged attractive nuisance was a pond or lake on city property into which the plaintiff went swimming and drowned. In rendering its decision, the Court, speaking through Brady, J., held that in order to invoke the doctrine of attractive nuisance the thing or device in question must constitute a "trap" or "hidden or secret" danger. It was also held that consideration should be given to whether or not the child in question appreciated the danger confronting him as presented by the device or appliance. In the present case, on cross-examination the plaintiff stated that he knew that the fire *658 or torch confronting him was the type of blaze that he had seen in his heater at home and that he knew it would burn him if he got near and stuck it with his finger. Then he was asked if that was the reason he kicked the pot instead of putting his hand on it, because he knew it was hot, and he said yes. As pointed out in McGill, supra, this is not a question of contributory negligence as there are distinctions between the incapacities under contributory negligence and the same incapacities under the attractive nuisance doctrine.
Vincent v. Barnhill, 203 Miss. 740, 34 So.2d 363, 364, 366 (1948) held that to be an attractive nuisance a device must be such as is likely or will probably result in injury to those attracted to it. The Court in its opinion in Vincent stated that many boys every year lose their lives by drowning but that the number of deaths in comparison to the total number of boys who visited ponds, lakes or streams is comparatively small. In the present case the testimony is that although Toledo had made and sold approximately seven or eight million of such torches as those commonly seen on streets and highways almost everywhere, this is the first claim ever presented for injury by its product.
In the absence of special circumstances not present here, this Court has consistently refused to apply the attractive nuisance doctrine unless the instrumentality complained of was inherently dangerous. Such instrumentalities have been held to include the following: turntables, live shells such as an unexploded anti-aircraft shell, dynamite or dynamite caps, other explosives such as fireworks, and electrical conduits. Shemper v. Cleveland, 212 Miss. 113, 54 So.2d 215 (1951); Hercules Powder Co. v. Wolf, 145 Miss. 388, 110 So. 842 (1927); McTighe v. Johnson, 114 Miss. 862, 75 So. 600 (1917); Dampf v. Yazoo & M.V.R.R., 95 Miss. 85, 48 So. 612 (1909).
In the present case we hold that the smudge pot or torch was not shown to be so inherently dangerous as to make applicable the attractive nuisance doctrine under the former decisions of this Court. Also, the young plaintiff indicated by his testimony that he comprehended the danger involved.
In the case before us, both the young plaintiff and his mother testified that he knew he should not play with fire because it would hurt him. In view of the nature and type of device which the smudge pot or torch constituted, we hold that the lower court was correct in refusing an instruction which would have advised the jury that a verdict might be rendered for the plaintiff based upon the attractive nuisance doctrine. As indicated in Vincent, supra, this Court has declared "our tendency to limit" rather than "expand" the application of the attractive nuisance doctrine.

III
It is urged by appellant that this Court should adopt the rule pertaining to liability for harm to trespassing children set forth in the Restatement of Torts (Second), section 339 (1965). We are not willing to apply such a rule to the facts of this particular case where the danger of a burning torch was so obvious to the young plaintiff who, according to his own testimony, was mature and intelligent enough to appreciate the danger of an open fire.

IV
Finally, the appellant charges that the verdict was against the overwhelming weight of the evidence. While the plaintiff's injuries were severe and most regrettable, we find no reversible error in the record. The issues were properly submitted to the jury under appropriate instructions which permitted the jury to decide if Biloxi exercised reasonable care in the use of the smudge pot. The case was hotly contested and exceptionally well tried. A verdict was returned by the jury exonerating *659 the city and we are of the opinion that the verdict was supported by the evidence.
Affirmed.
GILLESPIE, C.J., and INZER, SUGG and WALKER, JJ., concur.