KING, C.J.,
for the Court.
¶ 1. Martina Tucker brought suit against the Isle of Capri Casino alleging that a handrail was decorated by Christmas decorations, and due to the impediment she was unable to prevent herself from falling when she misstepped on the stairwell. The Circuit Court of Harrison County granted a directed verdict in favor of the Isle of Capri. Aggrieved by this, Tucker appeals and asserts the following assignment of error, which we quote verbatim:
I. Whether the trial court committed reversible error by directing a verdict in favor of the Defendant, Riverboat Corporation of Mississippi d//b/a Isle of Capri Casino (hereinafter “the Isle of Capri Casino”) at the close of all the evidence presented by the Plaintiffs, Martina Tucker and Joseph Tucker, and the close of all the evidence by the Isle of Capri Casino.
¶ 2. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 3. On December 23, 1994, Martina Tucker, her mother Lucille Thames, her brother James Thames and his wife Melinda Thames, were visiting the Isle of Capri Casino in Biloxi. Upon their arrival the group decided to play the slot machines located on the second floor of the casino. Tucker and her family choose to use the staircase, which was decorated for the holidays with garland and bows draped from the upright banister. Tucker testified she is unsure of what made her fall, but she tripped while ascending the staircase. Tucker alleged that she was prevented from utilizing the handrail to break her fall due to the placement of the Christmas garland on the banister, and in actuality the garland contributed to her fall because it came off the handrail when she attempted to use it. James Thames testified that a strand of garland hanging down on the stairs caused Tucker to trip. Tucker did not immediately leave the casino, and did not report the incident to casino personnel. In January 1995, Tucker began seeing a doctor with complaints of severe pain and a tingling sensation in her back.
¶ 4. On December 17, 1997, Tucker and her husband, Joseph Tucker, filed a complaint in the Circuit Court of Harrison County, Second Judicial District, against the Isle of Capri Casino, alleging that the Isle of Capri was negligent in failing to maintain its premises in a reasonably safe condition, and that such negligence was the proximate cause of Martina Tucker’s injuries. Joseph Tucker also alleged loss of consortium as a result of. Martina’s injuries. After extensive discovery the case went to trial on September 24, 2002. The Isle of Capri moved for a directed verdict at the close of Tucker’s evidence, which motion was denied. At the close of its case, the Isle of Capri renewed its motion for a directed verdict, and the Tuckers moved to amend the pleadings to conform *743 to the evidence presented at trial that Tucker tripped on garland that was hanging from the handrail onto the stairs. The trial judge granted the Tuckers motion to amend the pleadings, and also granted the Isle of Capri’s motion for a directed verdict.
I.
ISSUE AND ANALYSIS
Whether the trial court committed reversible error by directing a verdict in favor of the Defendant, Riverboat Corporation of Mississippi d//b/a Isle of Capri Casino (hereinafter “the Isle of Capri Casino”) at the close of all the evidence presented by the Plaintiffs, Martina Tucker and Joseph Tucker, and the close of all the evidence by the Isle of Capri Casino.
¶ 5. Tucker contends that sufficient evidence was presented at trial to prove the Isle of Capri’s negligence in the manner and method of decorating the stairs of the casino, and accordingly the trial court erred in directing a verdict in favor of the Isle of Capri.
¶ 6. The standard of review in cases where a directed verdict has been granted is as follows: “[t]his Court conducts a de novo review of motions for directed verdict.... If the Court finds that the evidence favorable to the non-moving party and the reasonable inferences drawn therefrom present a question for the jury, the motion should not be granted.” Entergy Mississippi Inc. v. Bolden, 854 So.2d 1051, 1055(¶ 7) (Miss.2003) (internal citations omitted). “Additionally, this Court has held that a trial court should submit an issue to the jury only if the evidence creates a question of fact concerning which reasonable jurors could disagree.” Id.
¶ 7. Reviewing the evidence de novo, as we are required to do, the following evidence was adduced in support of the Tuckers contention that a directed verdict was inappropriate: (1) Rosemary Wild the decorator at- the Isle of Capri testified that before she began decorating the casino in November 1994, she was told by the director of security to not impair the use of any hand railing, or impede any area where patrons would be “coming and going” for safety reasons. Wild also testified that she decorated the stairway by looping the garland below the banister and bringing it up to tie onto the bannister with two strands' of the garland, and that she possibly put a bow where the garland was tied onto the bannister; (2) James Thames, Martina’s brother who witnessed her fall at the Isle of Capri, testified that Martina actually tripped on a strand of garland hanging down on the steps and the garland came off the handrail when she attempted to utilize the handrail, however he testified that he used, the handrail with no significant problem; (3) Martina Tucker testified that she is not sure what she tripped over; (4) she also testified that when she attempted to use the handrail to prevent herself from falling she was unable to use it because it was impeded by the placement of the garland; and (5) Dr. Harold Rubenstein, Martina’s family practitioner, testified that in January 1995, Martina came to him complaining of lower back pain .and pain running down her left leg. He admitted that he had treated Martina for back pain before she fell at the Isle of Capri, but he testified that the current pain was a direct result of her fall at the casino.
¶ 8. The following evidence supports the trial court’s directed verdict: (1) When questioned on whether Martina used the banister as she was walking up the stairs, her mother, Lucille Thames, testified “Yeah. Uh-huh. And that’s when she fell trying to get to it.” Thames also testified *744 that she used the banister with no problem, and that she was walking behind Martina when she fell; (2) Dr. Manuel Daugherty, Martina’s orthopedic doctor testified that he had treated Martina for a herniated disk but that he could not say with absolute certainty that it was a result of her fall at the Isle of Capri, when he considered she was previously treated for back pain, and she had been referred to him when her back pain increased after picking up a 12-pack of Diet Coke; (3) a casino surveillance videotape was introduced depicting the staircase as it looked on December 20, 1994, and a model of the staircase as it would have existed in December 1994 was reconstructed and introduced, as well as a photograph of the model which depicted an unobstructed staircase with garland draped under it; (4) a videotape was introduced showing Martina leaving her place of employment driving a car, taking care of her grandchildren, and going up steps.
¶ 9. In order for a plaintiff to recover in a trip and fall he must prove the following elements: (1) some negligent act of the defendant caused his injury; (2) the defendant had actual knowledge of the dangerous condition and failed to warn the plaintiff, or (3) the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant whereby the defendant should have known of the dangerous condition. Anderson v. B.H. Acquisition, Inc., et al., 771 So.2d 914(¶ 8) (Miss.2000).
¶ 10. The circuit judge held that a breach of duty was not established by the Tuckers noting “[t]he owner of a business is not an insurer of the customers and is not liable for injuries caused by conditions which are not dangerous or which are, or should be known are [sic] obvious to the customer. The business owner is not required to keep the premises absolutely safe or in such a condition that no accident could possibly happen to the customer.” (emphasis added). The Tucker’s contend that the trial judge relied on the “open and obvious” doctrine to make his ruling, and was therefore in error, as this doctrine has been abolished as an absolute bar to recovery in Mississippi. See Tharp v. Bunge, 641 So.2d 20 (Miss.1994). In Tharp, the supreme court “abolished the open and obvious defense and applied the comparative negligence statute of the state instead, stating, if a dangerous condition is obvious to a plaintiff, then surely it is obvious to the defendant as well.” Hall v. Cagle, 773 So.2d 928, 934(¶ 31) (Miss.2000). However, if there is no negligence on the part of the defendant, then there is no cause of action for the plaintiff. Id. at 935. The Tuckers are correct in their assertion that the “open and obvious” defense is no longer available in Mississippi courts; however, they fail to note that if no negligence is found on the part of the defendant then the case can not be considered by the jury. Fulton v. Robinson Industries, Inc., 664 So.2d 170, 175 (Miss.1995). We find no case law to suggest that placing garland on a banister is such an inherently dangerous activity that negligence is imputed to the Isle of Capri. See Jackson v. City of Biloxi, 272 So.2d 654, 658 (Miss.1973) (citing inherently dangerous instrumentalities to include the following: turntables, live shells such as an unexploded anti-aircraft shall, dynamite or dynamite caps, other explosives such as foreworks, [sic] and electrical conduits). Nor does the record indicate that the garland itself was hung in a negligent manner for which the Isle of Capri could be liable. Fulton, 664 So.2d at 176.
¶ 11. Reviewing the evidence de novo in its totality in the light most favorable to the Tuckers, and considering all reasonable inferences that may be drawn therefrom, we find no reasonable hypothetical *745 juror could have found negligence on the part of Isle of Capri for hanging garland on a staircase in an unobtrusive manner. Accordingly, the trial judge was not in error for directing a verdict in favor of the Isle of Capri.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.