# Lucas *v.* Hammond.*

(Division A.   April 9, 1928.)

[116 So. 536.   No. 27014.]

---

*Corpus Juris-Cyc. References: Negligence, 29Cyc, p. 447, n. 47, 48; p. 464, .n. 3.; p. 475, n. 62; On application of doctrine of attractive nuisance to injuries to children, see annotation in 36 A. L. R. 34; 39 A. L. R. 486; 45 A. L. R. 983; 20 R. C. L. 79; 4 R. C. L. Supp. 1334; 5 R. C. L. Supp. 1079; 6 R. C. L. Supp. 1181.

*C. E. Morgan* and *J. D. Guyton,* for appellant.

*Watkins, Watkins & Eager,* and *H. T. Leonard* and *S. E. Crawley,* for appellee.

SMITH, C. J. This is an appeal from a judgment denying the appellant, a minor who sued by a next friend, a recovery for damages resulting from a personal injury alleged to have been sustained by him because of the appellee's negligence. The judgment was on a verdict which the court below directed the jury to find for the appellee.

The appellee owns and operates a steam cotton gin within the corporate limits of the town of Kosciusko, Miss. The seed from this cotton gin are carried by a conveyor into a seedhouse. This conveyor is a trough in which there is a revolving shaft with a spiral flange somewhat like the threads of a bolt on a large scale. The conveyor enters the seedhouse at the top about ten feet from the floor, and the seed are allowed to fall therefrom through a hole in the bottom at the end of the trough.

The seedhouse has four doors, two on the side next to a railroad track through which seed are loaded into cars, and two on the opposite side of the house near a street, through which doors seed are loaded into wagons. These doors are several feet from the ground, and are reached by means of ladders. The house seems not to be parallel with the street, but at an angle therewith, the size of which angle does not clearly appear.

On the occasion in question, the seed had been allowed to pile up under the conveyor to within a foot or two thereof. The two doors on the street side of the house were open, and seed were escaping through one, and probably through both, of them. The appellant, who was then five years old, and another child, were seen by an employee of the appellant about to enter the house through one of the doors on the street side thereof. This employee told them not to do so, that "Mr. Hammond don't allow you up there;" was then called away to attend to an urgent duty about the gin machinery, and thought the children had left the premises. Instead of doing this, they went to the other door, climbed up the ladder thereto, entered it, and commenced to play on the seed pile. The appellant went to the top of the seed pile, and proceeded to take seed out of the conveyor trough for the purpose of throwing them at his companion or on the seed pile, resulting in his hand being caught by the revolving shaft and injured. He stated that he saw the revolving shaft, knew what it was, and knew his hand would be injured if it was, and he was trying to keep it from being caught thereby. These two boys were seen in the seedhouse by the father of the appellant's companion several days before the appellant was injured, and were made by him to leave.

Children occasionally came to the gin with their parents, but it does not appear that they resorted to the seedhouse, or that any children had been seen by the ap-

pellee or his employees theretofore playing in the seedhouse.

The appellant, being a trespasser, is not entitled to recover, unless the case comes within the ''attractive nuisance doctrine.'' This doctrine has been repudiated by a majority of the courts, and ''needs very careful statement not to make an unjust and impracticable requirement.'' *United Zinc & Chemical Co.* v. *Britt,* 258 U. S. 268, 42 S. Ct. 299, 66 L. Ed. 615, 36 A. L. R. 28. The tendency of the courts recognizing it is to limit, instead of enlarge, the scope thereof. Compare *Sioux City & P. R. Co.* v. *Stout,* 17 Wall. 657, 21 L. Ed. 745, with *United Zinc & Chemical Co.* v. *Britt, supra,* and *N. Y. N. H. & H. R. Co.* v. *David Fruchter,* 260 U. S. 141, 43 S. Ct. 38, 67 L. Ed. 173. See, also, *Salter* v. *Lbr. Co.,* 137 Miss. 229, 102 So. 268; *McComb City* v. *Hayman,* 124 Miss. 525, 87 So. 11; and *Totty* v. *Lee County Gin Co.* (Miss.), 110 So. 125. As enforced by this court, the doctrine may be stated as follows:

''One who maintains dangerous instrumentalities or appliances on his premises easily accessible to children and of a character likely to attract them in play, or permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement,''—and who fails to exercise ordinary care to prevent children from playing therewith or resorting thereto, is liable to a child *non sui juris* who is injured thereby, and who did not know and appreciate the danger incurred by him in playing with the instrumentality or in the vicinity of the dangerous condition, or was too young to be charged with such knowledge. 20 R. C. L., section 71, at p. 80, and section 78, at p. 88; *Mattson* v. *Minn., etc., R. Co.,* 95 Minn. 477, 104 N. W. 443; 70 L. R. A. 503, 111 Am. St. Rep. 483, 5 Ann. Cas. 498; 8 Thompson on Negligence (White's Sup.), section 1031; *Mackey* v. *City of Vicksburg,* 64 Miss. 777, 2 So. 178; *City of Vicksburg* v. *McLain,* 67 Miss. 4, 6 So. 774.

As hereinbefore stated, the evidence fails to disclose that children were accustomed to enter the seedhouse to the knowledge of the appellee or his employees. Consequently, that element of the "attractive nuisance doctrine" is here absent.

A landowner has the right to maintain a dangerous instrumentality on his premises that is attractive to children, provided he exercises ordinary care to prevent them from being injured by playing therewith. This duty he discharges when he exercises ordinary care to prevent them from ascertaining the presence of, or from obtaining access to, the instrumentality.

Assuming that the conveyor was an instrumentality likely to attract children in play, its presence in the seedhouse was sufficiently concealed, and it was ordinarily inaccessible to children. That, if anything, which attracted the appellant into the house and enabled him to ascertain the presence of and obtain access to the conveyor, was the pile of cotton seed, a place likely to attract children in play. Ordinarily, the presence of the seed in the house would not be detected by observing the house casually. But on the occasion in question seed were escaping through one, and probably two, of the doors, disclosing thereby their presence in the house. Assuming, therefore, for the sake of the argument, that the presence of the seed in the house was not sufficiently concealed, the question then arises, "Did the appellee exercise reasonable care to prevent the appellant from obtaining access to the seed pile?"

The house was constructed in the usual way. The appellee's employees, while on duty, were in the vicinity of the doors thereto, and were instructed not to let children enter the house. This instruction was here obeyed; for, as hereinbefore stated, the appellant entered the house after having been told by an employee of the appellee not to do so. Such a command would, ordinarily, be obeyed by a child of the appellant's age. To hold, as

the appellant requests, that the appellee should have kept the doors of the house closed, thereby effectually preventing children from entering it, would be to impose upon the appellee the duty of insuring children from injury by the conveyor. Such is not the law. The appellee's only duty to the appellant was to exercise ordinary care to prevent him from obtaining access to, and being injured by, the conveyor. This duty he discharged. Compare *Turner* v. *Cotton Oil Co.*, 96 Okla. 31, 219 P. 892, a case similar to the one at bar, and with which the decision here rendered is in accord.

We have left out of view the fact that the appellant knew and appreciated the danger he incurred by taking seed out of the conveyor with his hand, and express no opinion on the effect thereof, if any, on the appellee's liability for the appellant's injury.

*Affirmed.*