### COLE et al. v. MISSISSIPPI POWER & LIGHT CO.
### No. 8823.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1938.

Knox Lamb, of Greenwood, Miss., for appellants.

Marcellus Green, Garner Wynn Green, and Forest B. Jackson, all of Jackson, Miss., and Ed. C. Brewer and F. H. Montgomery, both of Clarksdale, Miss., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

PER CURIAM.

Appellants, father and other relatives of Robert Lee Cole, brought this suit to recover damages of $25,000 for his death, alleged to have been caused by his contact with a high tension electric wire on one of defendant's poles. The negligence charged was that defendant had equipped the pole carrying the wire with steps, making it attractive for children to climb, and had allowed the insulation of the high tension wire to become defective. Error is assigned to the direction of a verdict for defendant.

The evidence tends to show without dispute that the deceased was a boy 15 years and 5 months of age; that his intelligence was that of a child of 8 to 12 years; that the first steps on the pole were 6 feet, 2 inches from the ground and then alternated on the sides of the pole 18 inches apart; that on the day of the accident the boy climbed the pole for the purpose of putting a wire at the top, which was to be plugged into a socket on an adjacent building and used to furnish power to a transient picture show on the other side of the road, so as to cross the road at sufficient elevation not to be an obstruction; that at the top of the pole was a transformer; that the wires to the transformer carried sufficient voltage to cause death; that part of the insulation of the ground wire running from the top of the pole was defective. Apparently, the boy was employed by the proprietor of the picture show or was a mere volunteer and was killed by coming in contact with a wire at the top of the pole. He was not employed by defendant. It was not shown that children or other unauthorized persons were in the habit of climbing the poles of defendant.

The district court concluded that the boy was not acting under childish impulse and the doctrine of attractive nuisance did not apply; that the boy was a trespasser; and that the defendant was not negligent in equipping its poles with steps as above indicated. We concur in these conclusions. Salter v. Deweese-Gammill Lumber Co., 137 Miss. 229, 102 So. 268; Lucas v. Hammond, 150 Miss. 369, 116 So. 536, 60 A.L.R. 1427.

The record presents no reversible error.

Affirmed.