## Jarvis et al. v. Howard et al.

April 19, 1949.

G. G. Rawlings for appellants.

J. B. Carter and Astor Hogg for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Donald Gene Jarvis, an infant seven years of age, through his father as next friend, brought an action against James L. Howard and J. G. Ross for $5000 damages resulting from personal injuries when he fell or jumped from a coal loading ramp owned by defendants. The father, Randall Jarvis, in his individual capacity, brought an action against the same defendants to recover $500 expended in medical services he incurred in treating his son's injuries. By agreement the causes were consolidated. At the conclusion of plaintiff's evidence a verdict was directed in favor of defendants and plaintiffs appeal.

The action by the child is based upon the theory that the ramp was an attractive nuisance to children of tender years and that defendants took no precaution to prevent children from playing thereon. Therefore, an examination of the evidence pertaining to the ramp, the surrounding circumstances and how the child was hurt

becomes necessary in determining whether the attractive nuisance doctrine is applicable.

This ramp is located on the right-of-way of the L. & N. Railroad Company at Wallins Creek and is adjacent to the school grounds. However, at the time Donald was hurt school had been dismissed for the day and the boy had returned to his home. Subsequently, he went to the ramp, which was not in operation, and he and other children engaged in playing upon and about it.

The boy's father testified that the ramp was constructed before the school was built and is 25 or 30 feet wide and about 150 feet long. Trucks drive upon the ramp and dump their loads of coal into railroad cars placed alongside it. There is no guard rail on the ramp where trucks dump their loads, as such rail would prevent trucks from unloading into adjacent railroad cars.

At the time Donald was injured he and other children were playing a game they called "Banter." One child would lead in doing a hazardous act or stunt and dare the others to follow suit. This game among children is often called "Follow The Leader." If a child through lack of nerve or ability failed to follow the leader, "he would have to go through a whipping machine," as Tommy Trammel, a boy engaged in the game, described it. A boy named Bob Hensley appears to have been the leader on this occasion. He stepped from the ramp to the stirrup of a coal car immediately adjoining, a distance of about three feet, and told Donald not to attempt it, which was "daring" him to step or jump from the ramp onto the coal car. Donald undertook to follow Bob's lead, but in stepping or jumping from the ramp to the coal car, he missed the stirrup on the latter, fell between the ramp and the car and broke his leg.

The attractive nuisance doctrine is rejected in some jurisdictions, but it is firmly established in this State. Ball v. Middlesborough Town & Lands Co., 68 S.W. 6, 24 Ky. Law Rep. 114; Deaton's Adm'r v. Kentucky & West Virginia Power Co., 291 Ky. 304, 164 S.W.2d 468; Teagarden v. Russell's Adm'x, 306 Ky. 528, 207 S.W.2d 18. A good definition of the doctrine appears in 38 Am. Jur., Negligence, sec 142, p. 802, which was adopted in Louisville & N. R. Co. v. Vaughn, 292 Ky. 120, 166 S.W.2d 43, which reads:

"One who maintains upon his premises a condition, instrumentality, machine, or other agency which is dangerous to children of tender years by reason of their inability to appreciate the peril therein, and which may reasonably be expected to attract children of tender years to the premises, is under a duty to exercise reasonable care to protect them against the dangers of the attraction."

In sections which follow the text just referred to in 38 American Jurisprudence, may be found an excellent discussion on the origin, theory and application of the attractive nuisance doctrine. Also, extensive annotations on the subject may be found in 36 A.L.R. 34; 45 A.L.R. 982; 53 A.L.R. 1344 and 60 A.L.R. 1444. It is not necessary to review our cases dealing with the doctrine because as was said in the Teagarden case, 306 Ky. 528, 207 S. W. 2d 18, each instrumentality or operation constituting an attractive nuisance must be viewed in the light of the facts and conditions relative thereto.

No doubt this ramp was attractive to children, as many of them were driven away from it, but when not in operation it was nothing more than a platform and there was nothing dangerous or perilous about it to a child. This ramp was no more dangerous than any other structure upon which a child may climb and get hurt by jumping or falling therefrom. We have held that a standing railroad freight car is not an attractive nuisance. Smith v. Hines, etc., 212 Ky. 30, 278 S.W. 142, 45 A.L.R. 980. If this ramp was an attractive nuisance, then any other structure upon which a child might climb and jump or fall from, likewise must be so classified.

The attractive nuisance doctrine appears to be based upon the theory that the thing which lures or attracts a child of tender years is equivalent to an invitation to the child to play with the dangerous instrumentality and the owner thereof has the duty to take reasonable precautions to protect the child against the dangers of the attraction. But every instrumentality attractive to a child does not constitute an attractive nuisance. As was said in Carr v. Oregon-Washington R. & Nav. Co., 123 Or. 259, 261 P. 899, 903, 60 A.L.R. 1434, 1440, "Such conclusion (an implied invitation) is not to be drawn from the fact that the person against whom complaint is made maintains upon his premises things ordinarily

in existence and use, such as rivers, creeks, ponds, wagons, axes, plows, woodpiles, haystacks, and the like, or even, as we should perhaps add, an attractive maiden or daughter.''

The tendency of courts is to restrict rather than to enlarge the attractive nuisance doctrine, Ice Delivery Co. v. Thomas, 290 Ky. 230, 160 S.W.2d 605, and to exclude from its application things not in their very nature dangerous or peculiarly alluring to children, such as walls, fences, simple tools and appliances and conditions arising from the ordinary conduct of business, else the use of real estate would become a burden instead of a benefit. Certainly, under this construction of the rule it cannot be said this ramp was an attractive nuisance.

The testimony for plaintiffs further shows Howard, one of the owners of the ramp, and his employees continuously ran children off that structure and did not permit them to play on it; that the children were afraid of Howard and ran and hid from him because they knew he did not permit them on the ramp. As Kelly Bunch expressed it in testifying for plaintiffs as to how he and Howard tried to keep children off the ramp, ''We preached and tried to get them to stay off; run them off one end, and they would go to the other end and come back on.'' Another of plaintiffs' witnesses, John Hansel, testified that when he attempted to keep children off this ramp they threw rocks at him, although he did not say it was the Jarvis boy who did that. As was aptly said in the Carr case, 123 Or. 259, 261 P. 899, 904, 60 A.L.R. 1434: ''Anyone who has ever seen a watchman or caretaker attempt to drive off of property a group of active, mischievous boys knows what a difficult, if not impossible, task he has undertaken; indeed the watchman becomes in a truthful sense an attractive nuisance himself, and the more earnest his efforts become the larger in number become the group of boys.''

Even had this ramp been an attractive nuisance, we are of the opinion that defendants would not be liable for the injuries sustained by Donald as they used ordinary care to prevent children from playing thereon, which is all that is required of the owner or operator of an attractive nuisance. 38 Am.Jur. sec. 148, p. 814; Dea-

ton's Adm'r v. Kentucky and West Virginia Power Co., 291 Ky. 304, 164 S. W. 2d 468; Louisville & N. R. Co. v. Vaughn, 292 Ky. 120, 166 S.W.2d 43; Lucas v. Hammond, 150 Miss. 369, 116 So. 536, 60 A.L.R. 1427.

The judgment is affirmed.