621 So.2d 668 (1993)
Richard Dale OWEN
v.
Woodrow W. PRINGLE, III.
No. 90-CA-1296.
Supreme Court of Mississippi.
July 15, 1993.
Kim T. Chaze, Hattiesburg, for appellant.
Woodrow W. Pringle, III, Gulfport, prose.
Before DAN M. LEE, P.J., and PITTMAN and ROBERTS, JJ.
*669 DAN M. LEE, Presiding Justice, for the Court:
Richard Dale Owen (Owen) hired Woodrow W. Pringle (Pringle) to represent him in a matter involving a claim against a chiropractor. During the course of this representation, Pringle allegedly became romantically involved with Owen's ex-wife. According to Owen's Amended Complaint, Pringle divulged confidential information to Owen's ex-wife and that information was used against Owen in the custody battle for the couples' children. Owen claims a variety of damages as a result of Pringle's actions.
The judge in the lower court granted Pringle's motion for summary judgment. On appeal, Owen asserts the following assignments of error:
I. IT WAS INAPPROPRIATE FOR THE LOWER COURT TO GRANT APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE NUMEROUS GENUINE ISSUES AS TO MATERIAL FACTS.
II. IT WAS INAPPROPRIATE FOR THE LOWER COURT TO SUSTAIN APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN APPELLANT HAD DISCOVERY PENDING AS WELL AS A MOTION TO COMPEL RESPONSES TO DISCOVERY THAT HAD BEEN PROPERLY NOTICED AND, IN SPITE OF THIS, THE LOWER COURT GRANTED THE MOTION FOR SUMMARY JUDGMENT AND DENIED APPELLANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS AND OTHER RELIEF.
Upon review of the record we find that the grant of summary judgment below was improper. Without commenting on the merits of Owen's claim, we conclude that his complaint was sufficient to state a cause of action and that material facts related to that action were in dispute at the time judgment was entered against him. Accordingly, the lower court's decision must be reversed and the cause remanded.

STATEMENT OF THE FACTS
As stated above, Owen hired Pringle to act as his attorney in a matter involving a claim against a chiropractor. Pringle had represented Owen in other matters prior to this one. An employment contract was signed by Owen on February 29, 1988.
During the course of the representation, Owen was divorced from his wife, Cynthia, by judgment entered on January 15, 1988. According to Owen, his attorney and his ex-wife became romantically involved shortly after the divorce. Owen further alleges that Pringle did not disclose this information to him until confronted on August 14, 1988.
On August 3, 1989, Owen filed a complaint in the Harrison County Circuit Court averring the above as facts and alluding to various causes of action from both contract and tort law. Owen further alleged that he suffered grievous damages as a proximate result of Pringle's actions. However, the Complaint was also replete with references to the Mississippi Rules of Professional Conduct. It was these references that eventually influenced the lower court to rule favorably on Pringle's 12(b)(6) motion. In so ruling the court stated:
It is further noted that, "Violation of a Rule [of Professional Conduct] should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability." (emphasis added)
This language clearly demonstrates that the Rules of Conduct are to be used in disciplinary proceedings and the sanctions are to be determined and imposed by the governing body of all lawyers, i.e. the Supreme Court of the State of Mississippi and not a jury.
It therefore follows that the appropriate forum for the complaint is not the *670 Circuit Court but perhaps the State Bar and this pending complaint is dismissed.
Owen was subsequently allowed to file an amended complaint on July, 23, 1990. The amended complaint omitted the references to the Rules of Professional Conduct. The lower court granted Pringle's motion for summary judgment on November 2, 1990, dismissing Owen's claim with prejudice. Owen duly appealed the ruling to this Court.

I. IT WAS INAPPROPRIATE FOR THE LOWER COURT TO GRANT APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE NUMEROUS GENUINE ISSUES AS TO MATERIAL FACTS.
On July 25, 1990, Pringle filed a motion to dismiss Owen's Amended Complaint under M.R.C.P. 12(b)(6) and a motion for summary judgment under M.R.C.P. 56. On November 2, 1990, the lower court granted the motion for summary judgment and dismissed the Amended Complaint with prejudice. The order did not specify the court's reason for granting the motion.
This Court employs a de novo standard of review when considering a grant of summary judgment below. Skelton v. Twin County Rural Elec. Ass'n, 611 So.2d 931 (Miss. 1992); Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
Summary judgment is proper only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See M.R.C.P. 56; Skelton v. Twin County Rural Elec. Ass'n, 611 So.2d 931 (Miss. 1992); Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). As this Court stated in Brown:
The motion for a summary judgment challenges the very existence of legal sufficiency of the claim or defense to which it is addressed; in effect, the moving party takes the position that he is entitled to prevail as a matter of law because his opponent has no valid claim for relief or defense to the action, as the case may be.
Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983).
In evaluating the moving party's position, the court reviews "all admissions, answers to interrogatories, depositions, affidavits, and any other evidence, viewing the evidence in a light most favorable to the non-movant." Skelton v. Twin County Rural Elec. Ass'n, 611 So.2d 931, 935 (Miss. 1992).
In the current case, Owen argues that the lower court erred by departing from the above principles. Specifically, he urges that the Amended Complaint was sufficient to state a cause of action against his former attorney. Owen correctly points out that the judge granted this motion while most of the discovery was still pending. Thus, the judge clearly considered the amended complaint insufficient to state a cause of action; otherwise, some of the obviously disputed facts would have been "material."
Pringle amplifies this position in his brief, essentially arguing that no viable cause of action is stated in the amended complaint. He relies heavily on the language in the Rules of Professional Conduct to the effect that breach of the ethical rules is not actionable. Pringle's argument is succinctly summarized in his brief as follows:
In the Complaint filed in this proceeding Owen alleges a breach by Pringle of the Rules of Professional Conduct. The Amended Complaint filed by Owen does not state any new facts or make any new allegations but simply removes the numbers of the Rules allegedly violated as stated in the original Complaint. The Amended Complaint states nothing new and is a reiteration of the Complaint filed by Owen with the Mississippi State Bar and subsequent Complaint filed in this proceeding.
Pringle further points out, correctly, that the complaint is not sufficient to allege malpractice under Hickox v. Holleman, 502 So.2d 626 (Miss. 1987). Hickox provides that an action for malpractice will lie *671 only where there is an attorney-client relationship, negligence in handling the client's affairs, and causation (but for the attorney there would have been successful outcome in the underlying action). Id. at 633. In this case, there is no allegation in either complaint that Pringle mishandled the case against Owen's chiropractor or caused that case to be unsuccessfully completed.
Pringle, and more importantly, the lower court, erred in the assumption that malpractice as defined in Hickox is the only cause of action that a client may utilize against a former attorney. Our case law establishes a civil cause of action independent of both the Professional Rules and the Hickox formulation of malpractice, to-wit:
Today a lawyer owes his client duties falling into three broad categories: (a) the duty of care, (b) a duty of loyalty, and (c) duties provided by contract.
.....
Each lawyer owes each client a second duty, not wholly separable from the duty of care but sufficiently distinct that we afford it its own label, viz. the duty of loyalty, or, sometimes, fidelity. We speak here of the fiduciary nature of the lawyer's duties to his client, of confidentiality and of candor and disclosure.

That an action may lie for the lawyer's breach of these duties is settled.
Singleton v. Stegall, 580 So.2d 1242, 1244-45 (Miss. 1991) (citations omitted) (emphasis added).
As in Singleton, the procedural posture is the key to resolving this appeal. To overcome a motion for judgment on the pleadings, as the motion below obviously was:
The rules require only that the plaintiff provide a short and plain statement of the claim showing that he is entitled to relief. Rule 8(a)(1), Miss.R.Civ.P.; see also, Rule 8(e)(1), Miss.R.Civ.P. Our former requirements for detailed fact pleadings have long been dispatched. When a complaint is tested on its face, we must take its well-pleaded allegations as true.
These thoughts in mind, the law obliged the Circuit Court to review Singleton's complaint and ask whether it suggested a set of facts which might support relief. The Court had no authority to dismiss the complaint unless it may fairly and objectively be said that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.
Id. at 1245-46.
Owen's Amended Complaint states, inter alia, "This action is essentially brought before this Honorable Court as a result of Defendant's breach of duty to Plaintiff to maintain confidentiality and to inform Plaintiff of any conflict of interest." It avers damages as a result of the alleged breach. Therefore, in light of the actionable duty of loyalty described in Singleton, and the notice pleading requirements of Rule 8, Owen's Complaint did state at least one cause upon which relief could be granted. The grant of summary judgment against him must be reversed. In closing we offer one additional quote from Singleton, and suggest that its wisdom is self-evident, "We trust it goes without saying that not a word said here suggests how the case should be decided on its merits, nor even how the Court should rule on such additional pre-trial matters as may be properly presented."

Conclusion
Because Owen's amended complaint sufficiently states the cause of action expressly recognized in Singleton v. Stegall, 580 So.2d 1242 (Miss. 1991), the judgment of the lower court is reversed and the cause remanded for further proceedings as if the motion had been denied.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.