658 So.2d 859 (1995)
Linda PRESSWOOD
v.
Addie COOK.
No. 92-CA-00299-SCT.
Supreme Court of Mississippi.
July 20, 1995.
*860 George F. Hollowell, Jr., Hollowell & Kelly, Greenville, for appellant.
Philip B. Terney, Robertshaw Terney Noble & Smith, Greenville, for appellee.
Before PRATHER, P.J., and BANKS and SMITH, JJ.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
This case concerns an appeal from a grant of summary judgment on a premises liability/negligence case. The judgment arose from a suit by Linda Presswood (Presswood) for damages against Addie Cook (Cook) resulting from an accident concerning the hitching of a loaded ski boat to a tow ball of a truck. Aggrieved, Presswood appeals to this Court on the following issues:
1) WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON UNCONTROVERTED FACTS WHICH ARE OPEN TO MULTIPLE INTERPRETATIONS AND CONSIDERING THAT THE DEFENDANT DID NOT MEET HIS BURDEN OF ESTABLISHING NO GENUINE ISSUE OF MATERIAL FACT?
2) WHETHER THE STATUS OF THE PLAINTIFF, WHEN THE NEGLIGENCE OF THE DEFENDANT IS ACTIVE AND IS ROOTED IN THE DEFENDANT'S NEGLIGENT ACT AND NOT IN THE PHYSICAL PREMISES OF THE PROPERTY, IS A PROPER ISSUE FOR SUMMARY JUDGMENT?

II. STATEMENT OF THE FACTS
Cook and Presswood are sisters. Cook had a boat at her home which belonged to her son. She invited Presswood to go on a boat ride, and requested that Presswood bring her husband's truck to move the boat. Presswood agreed, and brought a truck with a tow ball to transport the boat. The jack was part of the trailer. As Cook cranked the jack upward, Presswood then drove her truck to the trailer's tongue. Cook later *861 stated that she had no problems operating the trailer jack by herself and that she had never inspected the jack for safety.
When attempting to hitch the loaded boat trailer to the truck, Cook cranked up the jack somewhat higher to place it over the tow ball. Both sisters then attempted to move the trailer onto the tow ball. Presswood stated that this accident occurred because Cook cranked the neck of the jack too high, causing it to partially slip out of the jack assembly, at an angle. When it slipped, both women received a jerk.
Presswood placed the trailer tongue onto the lip of the truck, while Cook held on to the trailer and straightened the jack. The two sisters then cranked the neck back into the jack's assembly. Cook stated that she received the initial jerk of the trailer's weight as well, and was not injured. Presswood asserts that the weight of the falling trailer injured her, causing back and neck injuries. Presswood stated that the pain was not immediately debilitating, but it got progressively worse.
Presswood then sued Cook on a premises liability claim for loss of wage earning capacity, medical bills, lost wages, and pain and suffering. Presswood requested $900,000.
Presswood's knowledge of boat hitching was disputed. Presswood admitted that she was generally familiar with trailer hitches and boat jacks, and that she had hitched trailers to boats. Presswood admitted that she had been around boat jacks more than Cook. Presswood stated this ski boat was the largest boat and trailer that she had ever attempted to hitch. Presswood stated that she should have been informed of the defect in the boat jack, but could not state what that defect was.
Cook motioned for summary judgment on February 10, 1992. Cook argued that Presswood was asserting a premises liability suit. Cook stated she was not liable since no premises liability existed. Presswood countered in her motion to oppose summary judgment that landowners, who engage in affirmative actions involving the licensee, are liable under simple negligence theory as well.
The trial court found that both Presswood and Cook were knowledgeable about boats and trailers. In fact, Cook had hitched this boat trailer to a vehicle over twenty times. The trial court rejected any premises liability theory of liability against Cook, but concluded at least, that the operation of this jack was solely a question of negligence. Further, the trial court held that Presswood failed to demonstrate that Cook's actions breached a duty of reasonable care under general negligence law. The trial court granted summary judgment against Presswood. Aggrieved, Presswood appealed the trial court's decision in a timely manner.

III. ANALYSIS

1) WHETHER THE STATUS OF THE PLAINTIFF, WHEN THE NEGLIGENCE OF THE DEFENDANT IS ACTIVE AND IS ROOTED IN THE DEFENDANT'S NEGLIGENT ACT AND NOT IN THE PHYSICAL PREMISES OF THE PROPERTY, IS A PROPER ISSUE FOR SUMMARY JUDGMENT?
This issue concerns whether the trial court should have granted summary judgment on simple negligence, instead of a licensee or an invitee standard. Presswood states that simple negligence is the proper standard for a defendant landowner's operations on his land involving the plaintiff, as opposed to a mere condition on the land. Hoffman v. Planters Gin Co., 358 So.2d 1008, 1012 (Miss. 1978).
Cook does not challenge this argument on the merits. Instead, Cook asserts that Presswood failed to argue the negligence issue in her pleadings or at trial. Cook argues Presswood is barred from asserting the negligence now.
Cook is incorrect. Presswood implicitly amended her complaint under M.R.C.P. 15(b) by introducing the negligence issue in her motion opposing summary judgment. M.R.C.P. 15(b) allows issues tried by implied consent to be litigated. See Rankin v. Brokman, 502 So.2d 644, 646 (Miss. 1987). Since Cook did not object, the issue was tried by implied consent of the parties. Id. The trial court rejected a premises liability theory of recovery, and held that at best the standard of care was properly simple negligence *862 in his order and ruling. Cook only objected to the amendment at appeal. Therefore, Cook allowed the trial court to consider the negligence issue for a landowner's operations. With no objection, the amendment on negligence may be considered. See Hester v. Bandy, 627 So.2d 833, 839 (Miss. 1993).
The trial court was legally correct in holding that this question was a question of negligence, not premises liability. "[A]ction or inaction by the possessor (of the land) with knowledge of an individual's presence" in an operation of some device is a question of negligence. Hoffman, 358 So.2d at 1012-13.
As a result, the issue of simple negligence is before this Court. The next question is whether there is sufficient evidence of negligence to survive a motion for summary judgment.

2) WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON UNCONTROVERTED FACTS WHICH ARE OPEN TO MULTIPLE INTERPRETATIONS AND CONSIDERING THAT THE DEFENDANT DID NOT MEET HIS BURDEN OF ESTABLISHING NO GENUINE ISSUE OF MATERIAL FACT?
This Court employs a de novo (without deference) review on grants of summary judgment. Owen v. Pringle, 621 So.2d 668, 670 (Miss. 1993). The trial court must review the evidence most favorably to the nonmoving party. Sanford v. Federated Guaranty Ins. Co., 522 So.2d 214, 217 (Miss. 1988). There can be no issues of material fact in dispute. Stegall v. WTWV, Inc., 609 So.2d 348, 350-51 (Miss. 1992). If reasonable minds can differ on a material fact, summary judgment is improper. Id. The trial court should also deny summary judgment where full presentation of the evidence would "result in a triable issue." Great Southern Bank v. Minter, 590 So.2d 129, 135 (Miss. 1991). The United States Supreme Court has stated that summary judgment is improper where sufficient evidence exists for a reasonable jury to find for the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202, 214 (1986). This Court has noted the Supreme Court's analysis of Fed.R.Civ.P. 56 is "persuasive" evidence of this Court's interpretation of M.R.C.P. 56. Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss. 1987).
In Mississippi tort law, the plaintiff must show duty, breach of duty, causation, and damages. May v. V.F.W. Post # 2539, 577 So.2d 372, 375 (Miss. 1991). The plaintiff must show a duty and breach of that duty first. Id.
The question of negligence is determined by the jury. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss. 1992). The trial judge may determine whether Cook had a duty as a reasonable person to inspect her boat trailer, but a jury must determine whether Cook breached that duty. Lyle v. Mladinich, 584 So.2d 397, 400 (Miss. 1991).
The trial judge made only a general determination that Cook did not fail to do what a reasonable person would have done. He therefore made a determination as to both duty and breach of duty in his opinion. This Court therefore reverses and remands for the trial court to determine whether Cook owed a duty to Presswood to inspect the trailer jack for safe use before permitting Presswood to be near it.
This Court recognizes that "where a situation suggests investigation and inspection in order that its dangers may fully appear, the duty to make such investigation and inspection is imposed by law." Brunt v. Chicago Mill & Lumber Co., 243 Miss. 607, 615, 139 So.2d 380, 384 (1962). Another court has held that a failure to inspect a defectively welded trailer hitch was not negligence, where inspection of the exterior of the welded hitch would not reveal a defect. Rankin v. White, 258 Or. 252, 482 P.2d 530, 532 (1971). If there is such a duty, a jury must decide whether Cook breached it.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs in result only.