GRIFFIS, J.,
for the Court.
¶ 1. Brandon Keith sustained an eye injury after being struck by a bottle rocket. Brandon was playing with his friends in Kennon and Betty Petersons’ yard at the time of the accident. Brandon’s mother, Michelle Keith (“Keith”), sued the Peter-sons to recover monetary damages for Brandon’s injuries. At trial, the court granted the Petersons’ motion for summary judgment. Keith now appeals.
FACTS
¶ 2. Kennon and Betty Peterson held a New Year’s celebration at their home on December 31, 1998. The Petersons’ guests brought their own fireworks to the party. Once the party concluded, some unused fireworks remained on the ground. On the following day, January 1,1999, Mae Langston and Debbie McCants helped the Petersons clean up the remaining fireworks in the Petersons’ yard. The Peter-sons’ children played outside while the adults cleaned up the yard.
¶ 3. Brandon also attended the Peter-sons’ New Year’s Eve party. He stayed overnight with his grandmother, who lived across the street from the Petersons. The following morning, his grandmother gave him permission to go play with his friends at the Petersons’ home. Brandon then asked and received permission to play from Betty Peterson who was inside the *8 house when he arrived. He then began to play “hide and seek” with his friends.
¶ 4. The children played in the yard while the adults continued to clean. Brandon played and hid on the opposite side of the bushes adjacent to the Peterson’s driveway. Brandon saw two adults, Lang-ston and McCants, while he hid behind the bushes but testified that he did not know them. At this time, Kennon Peterson, the home owner, was riding his bicycle towards his home. Peterson testified that he did not know that Brandon was on the property at this time. Peterson saw Langston pick up and ignite the rocket and throw it into the air. The rocket sailed across the driveway into the bushes where Brandon was hiding and struck him in the eye. Brandon suffered a permanent loss of vision in his right eye from this incident.
¶ 5. It is undisputed that Langston detonated the bottle rocket which struck Brandon in the eye. Brandon also testified that he had “no information” that Langston knew that he was hiding in the bushes when she detonated the bottle rocket.
¶ 6. This case commenced on December 28, 2001. After a period of discovery, the Petersons filed a motion for summary judgment. A hearing was held in the matter on April 5, 2004. A default judgment was entered against Langston. After a hearing on damages on April 23, 2004, Keith was granted a judgment of $350,000 against Langston. On April 19, 2004, the trial court granted summary judgment in favor of the Petersons and dismissed the case according to Mississippi Rules of Civil Procedure 54(b). Keith appeals from the final judgment entered on April 19, 2004, granting summary judgment to the Peter-sons.
STANDARD OF REVIEW
¶ 7. This Court employs a de novo standard of review of a lower court’s grant of summary judgment and examines all the evidentiary matters before it. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77 (¶ 9) (Miss.2002). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177 (¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his or her favor. Id.
ANALYSIS

I. Whether jury issues existed regarding the appropriate classification of Brandon Keith and whether Kennon Peterson was guilty of wanton and willful conduct.

¶ 8. Keith argues that the trial court erred in failing to submit two issues to the jury. First, Keith claims that a jury issue existed as to the correct classification of Brandon Keith. She also claims that it was for the jury to decide whether Peterson’s actions constituted willful and wanton behavior. We will consider each separately-
¶ 9. In order to determine the appropriateness of Peterson’s conduct, we must first determine what duty was owed to Brandon by the Petersons. Under Mississippi law, Brandon’s status determines the duty owed to him. Brandon must be either an invitee, a licensee, or a trespasser. Little by Little v. Bell, 719 So.2d 757, 760 (¶ 14) (Miss.1998). An invitee enters the property of another in response to an express or implied invitation of the owner or occupant for the mutual advantage or benefit of the parties involved. Little, 719 So.2d at 760 (¶ 15). A licensee enters another’s property for his own benefit or pleasure. Finally, a trespasser enters an *9 other’s property “without license, invitation or other right.” Id.
 ¶ 10. Once the injured party’s status is identified, the landowner’s duty must be defined. A landowner owes the highest duty to an invitee. As such, the landowner’s property must be “reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and open view.” Id. A licensee or trespasser is owed only the duty to have the landowner “refrain from willfully or wantonly injuring him.” Id.
¶ 11. The determination of the appropriate status of a plaintiff can be a jury question. Adams ex rel. Adams v. Fred’s Dollar Store of Batesville, 497 So.2d 1097, 1100 (Miss.1986). However, where the facts are not in dispute the classification becomes a question of law. Id. at 1100.
¶ 12. Here, the facts were not in dispute. Therefore, issues such as Brandon’s correct classification, and Peterson’s corresponding duty were questions of law appropriate for the trial court’s resolution. Id.
¶ 13. The trial court found Brandon to be a licensee. Brandon testified that he asked and received permission from his grandmother and Betty Peterson to play with the children in the Petersons’ yard. Accordingly, Brandon was in the yard with the owners express permission. He was there for his own pleasure not for the benefit of the Petersons. As such Brandon’s status is properly defined as a licensee. Id.
¶ 14. We now turn our attention to the duty that Peterson owed Brandon. Since Brandon was a licensee, Peterson owed him a duty to “to refrain from willfully or wantonly injuring him.” Little, 719 So.2d at 760 (¶ 16). A willful or wanton injury is more than mere inadvertence or lack of attention. Leffler v. Sharp, 891 So.2d 152, 159 (¶ 22) (Miss.2004). The conduct must differ in quality, as well as in degree, from ordinary negligence and constitute a conscious disregard of a known serious danger. Id. at 159 (¶ 22).
¶ 15. Keith argues that Kennon Peterson breached his duty to Brandon. Since Peterson knew children were playing in his yard, Keith claims that Peterson’s disregard of such a known danger as the fireworks constituted willful and wanton conduct. Keith’s argument concludes that the issue should have been resolved by the jury.
¶ 16. The circuit court was correct to find that Peterson’s actions were not wanton nor willful. Kennon Peterson was riding his bicycle towards his property when he saw the children playing in his yard and two adults cleaning up the fireworks. It was at this time that Peterson saw Langston ignite and shoot the bottle rocket. Also, Peterson testified that he did not know that Brandon was one of the children playing on his property until he heard his scream. Brandon never testified that Peterson knew that he was on the Petersons’ property. Furthermore, Brandon testified that Langston did not know that he was hiding behind the hedges. Betty Peterson was the only person who knew that Brand on was on the property. However, Betty did not see Langston shoot the bottle rocket.
¶ 17. Brandon’s accident and injuries were certainly tragic. However, Kennon Peterson could not breach such duty when he did not know that the child was on his property. Clearly, Keith presented no evidence in any of her pleadings, affidavits, or depositions which created a genuine issue of material fact as to whether Peterson’s conduct could be willful or wanton. Thus, viewing the evidence in the light most favorable to Keith, we find that there was *10 no jury question as to the appropriate classification of Brandon nor as to whether Peterson’s conduct was wanton or willful. The circuit judge correctly granted summary judgment on this issue.

II. Whether Peterson’s actions should be subject to a legal duty to exercise reasonable care.

¶ 18. In her second assignment of error, Keith argues that this is not a premises liability case. Keith would have this Court hold Peterson to an ordinary negligence standard. She argues that Peterson was negligent in his supervision of the two adults cleaning up his property. Keith continues that since Peterson was in charge of the two adults, their actions imposed liability upon him. Accordingly, Keith would have us consider this case according to the doctrine of respondeat superior.
¶ 19. The doctrine of respondeat superior holds an employer liable for the negligent acts of its employee performed in the course and scope of the employment. McKee v. Brimmer, 39 F.3d 94, 96 (5th Cir.1994). Our facts here do not follow those of the typical respondeat superi- or scenario. In the typical scenario, a plaintiff seeks to hold an employer liable for the tortious acts of the employee. See James W. Sessums Timber Co. v. McDaniel, 635 So.2d 875 (Miss.1994); FSC Securities Corp. v. McCormack, 630 So.2d 979 (Miss.1994). However, here, Keith seeks to hold Peterson liable under a doctrine of law which applies only to the employer-employee relationship. Peterson did not hire Langston to clean up his yard. He did not pay Langston for her services. Rather, according to all of the testimony, Langston was merely doing Peterson a favor. Therefore, the doctrine of respon-deat superior does not apply to the case at bar.
¶ 20. It is true that not all causes of action that arise on one’s property are governed by our law which embodies premises liability. Robert A. Weems & Robert M. Weems, Mississippi Law of Torts, § 5-1(a) (1st ed.2002). In the case of Presswood v. Cook, 658 So.2d 859, 862 (Miss.1995), the plaintiff was injured while attempting to hitch a boat trailer on the defendant’s property. The supreme court held that the action was a matter of simple negligence. Id. “Action or inaction by the possessor (of the land) with knowledge of an individual’s presence in operation of some device is a question of negligence.” Id. quoting Hoffman v. Planters Gin Co., 358 So.2d 1008, 1012 (Miss.1978). Unlike in Presswood, Peterson did not know that Brandon was on the property. Furthermore, Brandon was not operating a device. Instead, he was playing with his friends. Thus, we find that the case before this Court is a classic premises liability case.
¶ 21. As previously stated, the trial court held Peterson to the correct legal standard. It is clear from the record that Brandon was on the Petersons’ property for his entertainment. The Petersons enjoyed no benefit from Brandon being on their property. As such, Brandon was properly deemed a licensee. Therefore, Peterson’s duty was to “refrain from willfully or wantonly injuring [Brandon].” Little, 719 So.2d at 760. The trial court did not err in granting summary judgment. Accordingly, we find that this issue is without merit.

III. Whether the Petersons are strictly liable for maintaining an inherently dangerous activity on their property.

¶ 22. Finally, Keith argues that the Petersons are strictly liable for Brandon’s injuries. It is Keith’s argument that the fireworks were- an ultra-hazardous *11 activity and the Petersons were liable for allowing them to be detonated on their property.
¶ 28. Although in Keith’s briefs to this Court she does not specifically argue the attractive nuisance doctrine, the allegations of an ultra-hazardous activity and her reliance upon Shemper v. Cleveland, 51 So.2d 770 (Miss.1951), provide an avenue for this Court to discuss why Peterson is not strictly liable under the attractive nuisance doctrine.
¶24. The doctrine of attractive nuisance balances two competing interests. First, the doctrine considers the interest in protecting our children and recognizes that most children will trespass on occasion and sometimes are injured when they do so. Second, the doctrine weighs landowners’ interest in not being unreasonably burdened to ensure that their property is safe for those children who trespass. Harkins v. City of Carthage, 284 So.2d 530, 531 (Miss.1973).
¶ 25. The doctrine may be stated as follows:
“One who maintains dangerous instru-mentalities or appliances on his premises easily accessible to children and of a character likely to attract them in play, or permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement and who fails to exercise ordinary care to prevent children from playing therewith or resorting thereto, is liable to a child ... who is injured thereby, and who did not know and appreciate the danger incurred by him in playing with the instrumentality or in the vicinity of the dangerous condition, or was too young to be charged with such knowledge.”
Hughes v. Star Homes, Inc., 379 So.2d 301, 304-05 (Miss.1980) (quoting Lucas v. Hammond, 150 Miss. 369, 381, 116 So. 536, 537 (1928)).
¶ 26. Thus, in order for a condition of premises to constitute an attractive nuisance there must be a dangerous instrumentality maintained on the premises which is easily accessible to children. Hughes, 379 So.2d at 305. We will not apply the attractive nuisance doctrine unless the instrumentality complained of was inherently dangerous. Jackson v. City of Biloxi, 272 So.2d 654, 658 (Miss.1973). We have held that such instrumentalities include a railroad turntable, live shells such as an unexploded anti-aircraft shell, dynamite or dynamite caps, other explosives such as fireworks, and electrical conduits. See Shemper v. Cleveland, 212 Miss. 113, 54 So.2d 215 (1951); Hercules Powder Co. v. Wolf, 145 Miss. 388, 110 So. 842 (1927); McTighe, Hughey & McTighe v. Johnson, 114 Miss. 862, 75 So. 600 (1917); Dampf v. Yazoo & M.V.R. Co., 95 Miss. 85, 48 So. 612 (1909).
¶ 27. The theory of attractive nuisance is that a land owner is subject to liability for physical harm to children trespassing thereon. Harkins v. City of Carthage, 284 So.2d 530, 531 (Miss.1973) (emphasis added). However, “[i]n any case where a possessor of land would be subject to liability to a child for physical harm caused by a condition on the land if the child were a trespasser, the possessor is subject to liability if the child is a licensee or an invitee.” Restatement (Second) of Torts § 343B (1965). Brandon was found to be a licensee. Thus, the attractive nuisance doctrine does apply.
¶ 28. However, even though the attractive nuisance doctrine is applicable, Peterson is still not liable. For liability to be established, Keith must also prove that Peterson failed to exercise ordinary care in maintaining the dangerous instrumentality which attracted the children. Lucas v. *12 Hammond, 150 Miss. 369, 116 So. 536, 537 (1928). Keith has failed to provide such evidence.
¶ 29. The record is clear that Peterson exercised ordinary care. There is no testimony that Peterson allowed the children to detonate the remaining fireworks without supervision. Additionally, there is no testimony that the children were ever playing with the fireworks on the morning of the incident. Rather, the testimony was undisputed that Peterson had two adults removing the fireworks from his yard. Furthermore, Peterson was not on his property at the time of the incident. He was unaware of Brandon’s presence on his property. Peterson was riding his bicycle towards his home when he saw Langston shoot the bottle rocket. There was no evidence presented suggesting that Peterson breached the duty of care that he owed Brandon.
¶ 30. Accordingly, this issue is also without merit. The trial judge was correct to grant summary judgment in favor of the Petersons. Therefore, we affirm.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.