MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Robert Reed, his wife, and his insurance company sued D & D Drilling and its employee James Polk after Polk allegedly injured Reed by negligently releasing a come-along on an oil rig in Lamar County, Mississippi. The trial court granted summary judgment to the defendants. Finding error, we reverse and remand.
 

 FACTS
 

 ¶ 2. Reed was an employee of DDC, a subcontractor that specialized in directional drilling. D & D was another subcontractor that owned the rig itself and was responsible for ordinary day-to-day drilling operations at the well. The general contractor is no longer a party to the suit.
 

 ¶ 3. On the day of the accident, Reed was supervising directional drilling on the rig. The plaintiffs alleged that Reed directed Polk, a crewman, to release a come-along “one' notch at a time,” but Polk instead struck it with a hammer, releasing it suddenly. This caused the come-along to strike Reed repeatedly, leaving him severely injured. Polk, who was also injured, denied striking the come-along.
 

 ¶ 4. The plaintiffs sued under two theories: negligence and premises liability. The defendants filed a motion for summary judgment, which the trial court granted.
 

 STANDARD OF REVIEW
 

 ¶ 5. We review a trial court’s disposition of a motion for summary judgment de novo.
 
 Treasure Bay Corp. v. Ricard,
 
 967 So.2d 1235, 1238(¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.”
 
 City of Jackson v. Sutton,
 
 797 So.2d 977, 979(¶ 7) (Miss.2001) (citation omitted). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the nonmoving party must be given the benefit of the doubt concerning the existence of a material fact.
 
 Id.
 

 DISCUSSION
 

 ¶ 6. The trial court, taking this as a premises liability case only, held that the plaintiffs’ claims were barred under two
 
 *416
 
 doctrines: the intimately connected doctrine,
 
 see Vu v. Clayton,
 
 765 So.2d 1253, 1255 (¶¶ 7-8) (Miss.2000), and the knowledge of the danger doctrine.
 
 See Diamond Int’l Corp. v. May,
 
 445 So.2d 832, 835 (Miss.1984). Each of these doctrines, however, applies only to so-called passive negligence, that is, a dangerous condition of the property.
 
 See Hoffman v. Planters Gin Co.,
 
 358 So.2d 1008, 1012-13 (Miss.1978). Simply put, this is not a premises liability case, and defenses to premises liability do not apply.
 
 See Presswood v. Cook,
 
 658 So.2d 859, 862 (Miss.1995). “Action or inaction by the possessor (of the land) with knowledge of an individual’s presence in an operation of some device is a question of negligence.”
 
 Id.
 
 (citations and internal quotations omitted).
 

 ¶7. Turning to the question of Polk’s negligence, it is apparent that the trial court erred in granting summary judgment to the defendants. The plaintiffs produced evidence that Polk, an employee of D & D acting within the scope of his employment, negligently struck the come-along, injuring Reed. Accordingly, the issue of Polk’s negligence is a question for a jury.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES.
 

 KING, C.J., LEE, P.J., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.