## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CA-00956-COA

PATRICIA ELLIOTT                                                    APPELLANT

v.

FIRST SECURITY BANK                                                   APPELLEE

DATE OF JUDGMENT:               07/19/2013
TRIAL JUDGE:                    HON. SMITH MURPHEY
COURT FROM WHICH APPEALED:      PANOLA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         KEITH M. ALEXANDER
ATTORNEY FOR APPELLEE:          WILLIAM POLK THOMAS
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:        GRANTED APPELLEE'S MOTION FOR
                                SUMMARY JUDGMENT
DISPOSITION:                    AFFIRMED – 11/25/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., ISHEE AND JAMES, JJ.

### ISHEE, J., FOR THE COURT:

¶1.    In 2011, Patricia Elliott sued First Security Bank (FSB) in the Panola County Circuit Court for a shoulder injury she suffered when she tripped and fell on a sidewalk in front of FSB.  FSB eventually moved for summary judgment, which the circuit court granted.  On July 19, 2013, the circuit court entered a final judgment in favor of FSB pursuant to the grant of summary judgment.  Aggrieved, Elliott now appeals.  Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    On April 24, 2010, Elliott and her son went to downtown Como, Mississippi (the City), for dinner.  When they could not find a parking spot in front of the restaurant where

they intended to eat, Elliott's son parked the car at FSB and they walked to the restaurant. Elliott had one whiskey drink before dinner. After dinner, at about 10:30 p.m., Elliott and her son walked back to the car. As Elliott was making her way to the passenger side of the car, she tripped on uneven pavement on the sidewalk and fell. The sidewalk is owned by the City, and FSB maintains an easement for the sidewalk.

¶3. After she fell, Elliott sought medical treatment at a local hospital. She was told she had injured her rotator cuff in her shoulder. She later had surgery to repair her rotator cuff and attended physical therapy for some time. Elliott asserts that the injury led to extensive medical bills and also led to her losing her job.

¶4. On April 19, 2011, she sued the City and FSB. Elliott argued that even though no mutual benefit was exchanged, she should be considered FSB's invitee and was owed the duty of reasonable care. She argued that the City's duty should be imputed to FSB because it owned an easement for the sidewalk. She settled with the City during mediation. However, FSB remained a party to the lawsuit.

¶5. FSB soon filed a motion for summary judgment, arguing that it owed no duty to Elliott. At the time the injury occurred, FSB was closed, Elliott was not using the ATM, and she was not conducting any business at FSB. The only reason Elliott was at FSB that night was because the car was parked there while she and her son ate dinner nearby. Hence, FSB argued Elliott was not its invitee. The circuit court concluded that because Elliott entered FSB's property for her own convenience, pleasure, or benefit, and did not bestow any benefit or advantage to FSB, she was a licensee at the time she fell. Accordingly, the circuit court found that FSB only owed Elliott a duty not to willfully or wantonly injure her, and that no

2

evidence was presented to indicate willful or wanton injury. Therefore, the circuit court granted FSB's motion for summary judgment.

## DISCUSSION

¶6. The grant or denial of a motion for summary judgment is reviewed de novo. *Johnson v. Pace*, 122 So. 3d 66, 68 (¶7) (Miss. 2013). "The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure." *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (¶5) (Miss. Ct. App. 2007) (citation omitted). Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Owen v. Pringle*, 621 So. 2d 668, 670 (Miss. 1993). When reviewing the grant or denial of a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing the motion. *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004).

¶7. Elliott asserts that the circuit court incorrectly held that she was a licensee and, therefore, FSB only owed her a duty to refrain from willfully or wantonly injuring her. Elliott argues that she was an invitee because her status as an invitee of the City should have been imputed to FSB since it maintained an easement for the sidewalk.

¶8. It is well settled that Mississippi follows a traditional three-step analysis in determining whether the owner of a property is liable to an injured party in a premises-liability case. *Leffler v. Sharp*, 891 So. 2d 152, 156 (¶10) (Miss. 2004); *Haggard v. Wal-Mart Stores Inc.*, 75 So. 3d 1120, 1124 (¶9) (Miss. Ct. App. 2011). This analysis includes the following determinations: (1) whether the injured party was an invitee, licensee, or

3

trespasser at the time she was injured; (2) what duty was owed by the defendant to the injured party; and (3) whether the defendant breach that duty. *Id*.

¶9.     It is undisputed that Elliott was an invitee of the City at the time of the incident. She argues that the circuit court erred in its refusal to impute her status as the City's invitee to FSB despite FSB's easement for the sidewalk. However, in *Corley v. Evans*, 835 So. 2d 30, 39 (¶28) (Miss. 2003), the Mississippi Supreme Court demonstrated that an injured party's status as an invitee, licensee, or trespasser should be analyzed separately as to each defendant. In *Corley*, James Evans and his daughter, Stacy Evans Hamrick, jointly owned property on which Stacy sponsored a crawfish boil and charged admission to her guests. *Id*. at 32 (¶4). James was not a sponsor of the crawfish boil and had nothing to do with the event, other than a brief attendance. *Id*. Scott Corley, one of the guests at the crawfish boil, was accidentally shot at the crawfish boil by an intoxicated friend of Stacy and James. *Id*. Thereafter, Corley sued Stacy and James for injuries and damages he suffered as a result of the shooting. *Id*.

¶10.    In determining Stacy and James's liability, the supreme court conducted a bifurcated analysis as to Corley's relationship to each party as an invitee, licensee, or trespasser. The supreme court found that Corley was Stacy's invitee because a mutual benefit was exchanged between the two. *Id*. at 37 (¶20). Nonetheless, since no mutual benefit existed between Corley and James, Corley was found to be James's licensee. *Id*. at 39 (¶28). The supreme court recently reinforced its use of this bifurcated analysis in *Cade v. Beard*, 130 So. 3d 77 (Miss. 2014), where it held an injured party to be an invitee to one landowner and a licensee to the other based on the lack of a mutual benefit to one of the owners. *Id*. at 83 (¶24).

4

¶11. Likewise, in the case before us, the circuit court analyzed Elliott's status as an invitee, licensee, or trespasser separately for the City and FSB. Elliott's assertion that her status with regard to the City should be imputed equally to FSB is unfounded. A bifurcated analysis was proper. Accordingly, the next question is whether the circuit court's classification of Elliott as a licensee of FSB was valid.

¶12. An invitee is one who "enters the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Sharlow v. Raybourn*, 135 So.3d 238, 241 (¶10) (Miss. Ct. App. 2014) (quoting *Corley*, 835 So. 2d at 37 (¶21)). Therefore, there must be a mutual benefit exchanged by the injured party and the landowner for his or her status to be classified as an invitee. *Id*. Conversely, a licensee is a person who "enters the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner . . . ." *Id*.

¶13. The facts are undisputed in this case, allowing for classification of Elliot's status with regard to FSB to be a question of law for the circuit judge to resolve, not a jury. *See Leffler*, 891 So. 2d at 156 (¶10). No mutual benefit was exchanged between Elliott and FSB since Elliott was on the sidewalk for her own convenience and benefit, to the exclusion of any benefit for FSB. Elliott's decision to park in FSB's parking lot in order to eat at a nearby restaurant conferred no benefit to FSB. Hence, the circuit court was correct in finding that Elliott was a licensee because no benefit whatsoever was bestowed on FSB by Elliott's presence on the premises.

¶14. The supreme court has held that when an injured party is classified as a licensee, "the defendant[] owe[s] no higher duty to [the injured party] than to refrain from willfully or

5

wantonly injuring her." *Doe v. Jameson Inn Inc.*, 56 So. 3d 549, 555 (¶17) (Miss. 2011). To "constitute willful and wanton injury, something more than mere inadvertence or lack of attention is required." *Id*. "There must be a more or less extreme departure from ordinary standards of care, and conduct must differ in quality, as well as in degree, from ordinary negligence involving a conscious disregard of a known serious danger." *Leffler*, 891 So. 2d at 159 (¶22) (citation omitted). Additionally, this Court has held that when a landowner does not know that the injured person was present on the property, he cannot be found to have willfully or wantonly injured that person. *Keith v. Peterson*, 922 So. 2d 4, 9-10 (¶17) (Miss. Ct. App. 2005). As such, it is clear that FSB did not breach the duty of care it owed to Elliott.

¶15.   The circuit court correctly determined that Elliott was a licensee of FSB and that FSB upheld its duty owed to Elliott. The grant of summary judgment in favor of FSB was proper. This issue is without merit.

¶16. **THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**